B. FILHOL ET AL. v. LEON & H. BLUM LAND COMPANY ET AL.

Decided December 1, 1898.

**1. Practice on Appeal—Affirmance on Certificate.**

An appellant can not abandon his appeal and defeat the right of the appellee to have the judgment of the court below affirmed on certificate by suing out a writ of error. Article 1016, Revised Statutes, construed.

**2. Same.**

The right to affirm a judgment of the court below on certificate does not depend upon a good excuse for failing to file the transcript on an appeal that has been abandoned by resort to writ of error.

APPEAL from Galveston. Tried below before Hon. W. H. STEWART.

*John Neethe,* for appellant.

*Scott, Levi & Smith,* for appellees.

GARRETT, CHIEF JUSTICE.—The appellees in the above entitled cause have filed in this court a certificate of the clerk of the court below showing that an appeal was perfected in said cause from the judgment of the District Court of Galveston County therein to this court on August 1, 1898, and moved that the judgment of the court below be affirmed. Appellants have resisted the motion of appellees to affirm on certificate, and have shown to the court that they have filed with the clerk of the court below their petition for a writ of error accompanied by a supersedeas bond and have taken all necessary steps to have said cause brought up on writ of error, and that the reason they have not filed a transcript of the record in said writ of error proceeding is that they have not yet succeeded in getting service upon all of the defendants in error. They have also filed affidavits to excuse themselves for not filing within the time prescribed by law the transcript of the record upon their appeal.

An appellant can not abandon his appeal and defeat the right of the appellee to have the judgment of the court below affirmed on certificate by suing out a writ of error. Rev. Stats., art. 1016; Insurance Co. v. Clancy, 91 Texas, 468. The case cited reviews the authorities and re-affirms the case of Perez v. Garcia, 52 Texas, 571, and shows that none of the decisions are in conflict with that case. The seeming conflict arises from the holding that the appellant may abandon his appeal and maintain a writ of error; but this is only in cases where the appellee has not sought to have the judgment affirmed on certificate. The statute makes

it the duty of Courts of Civil Appeals when a certificate has been filed to affirm the judgment of the court below unless good cause can be shown why the transcript was not filed. But the appellants show that they are seeking to perfect a writ of error, and it is not pertinent in such case to show why the transcript was not filed upon the appeal. A different case would be presented if they were still relying on their appeal and sought to show, in order to defeat the motion to affirm, good cause why the transcript on appeal had not been filed within the time prescribed by law. The right to affirm on certificate does not depend upon a good excuse for failing to file the transcript on an appeal that has been abandoned by resort to writ of error. Barber v. Railway, 9 Texas Civ. App., 93. For the reason given, we do not pass upon the sufficiency of the affidavits filed by the appellants. The motion of appellees will be granted and the judgment of the court below affirmed.

*Affirmed.*