CONTINENTAL FIRE ASSOCIATION v. STILWELL BROS. & SETTLE.

Decided May 22, 1901.

**Statement of Facts—Failure to File in Time—Diligence.**

In order to excuse a failure by appellant to file a statement of facts in time,
such failure must have resulted from causes beyond the control of appellant or
his counsel, and in such cases the greatest possible diligence is essential. Where
appellant's counsel relied on a local attorney to forward the necessary papers to
them in a distant county, and through delay in sending the papers and a mis-
take as to the date when court adjourned, such statement was filed one day
after the expiration of the ten days allowed, the excuse was not sufficient.

Appeal from Rains. Tried below before Hon. L. A. Clark.

*Armstrong & Hanger,* for appellant.

NEILL, ASSOCIATE JUSTICE.—The term of the court at which the
judgment appealed from was rendered ended on the 13th day of De-
cember, 1900. On that day the appellant, defendant in the court below,
was allowed ten days after adjournment in which to prepare and file a
statement of facts. It was not filed in the court below until the 24th
day of December, and appellees move to strike it out upon the ground
that it was not filed within the required time. In reply to the motion
the appellant claims that it used due diligence to prepare and have the
statement of facts filed within the time prescribed, and that its failure
was due to no fault of it or its attorneys, but was the result of causes
beyond its control, and for that reason asked that it be permitted to
remain and be considered as a part of the record.

In support of appellant's reply to appellee's motion, it was made to
appear by affidavits that its attorneys reside in Fort Worth, Texas; that
Emory, the county seat of Rains County, can not be reached by rail
except by going to Greenville or Mineola, and taking the train that runs
between said points to the county seat of Rains County; that the district
judge before whom the cause was tried, and one of the appellee's at-
torneys, reside in Greenville, Texas; that appellant employed a resident

attorney of Emory to assist its attorneys in the trial of the case in the District Court; and that the employment of said local attorney terminated with the trial of the cause in the District Court.

That appellant's leading counsel was present in the trial of said cause, and after the cause was tried, but before the verdict was returned, he, with appellant's general manager, left Emory and returned to his home in Fort Worth. That before leaving he requested the attorney residing at Emory, who assisted in the trial of the cause, to file a motion for a new trial, in the event judgment should be rendered against appellant, and to at once send him (appellant's leading counsel) all the papers in said cause, so that he could prepare an amended motion for a new trial and bill of exceptions. That he waited a reasoable time to receive said papers, and not receiving the same, wrote to said attorney at Emory to send the papers, and not receiving the same in response to the letter, telephoned said attorney; that said attorney did not send the papers, but sent a copy of the judgment and motion for a new trial which he had filed.

That on the 13th day of December the attorney at Emory called appellant's leading counsel at Fort Worth over the telephone, and stated to him that court would adjourn on the following day. That while said leading attorney was in Emory, he was informed by said local attorney and other persons that the court would continue in session for two weeks longer than the week during which the said cause was tried, which would be more than a week later than the date the court actually adjourned. That being notified by the attorney at Emory that the court would adjourn on the 14th of December, he requested said attorney to file an amended motion for new trial, and bills of exceptions, stating to him what he wanted in the motion and the bills, and that said attorney agreed to prepare and file them. That he also requested said attorney to at once send him the papers, so that he could prepare a statement of facts, which the attorney agreed to do. That not receiving said papers, on the 17th day of December the attorney at Fort Worth wrote the one at Emory, requesting him again to at once send the papers, and on the 18th day of December again telephoned him to send the papers, which he agreed to do. That on the 19th day of December the attorney at Emory wrote him: "We have ten days to get up statement of facts. Court adjourned December 14th. I also tried to reach you over the 'phone. I send all papers under separate cover."

That late on the evening of the 20th of December said papers were delivered by the express company to appellant's attorney, at his office in the city of Fort Worth. That the attorney at once began the preparation of the statement of facts and prosecuted the same with all possible dispatch, and finished it on the 21st day of December, and on the evening of that day went to Dallas, and remained there during the night so he could take an early train to Greenville Saturday morning. That he reached Greenville on that morning, and at once went over the statement of facts which he had prepared with the attorney of appellees, and

that the same, with certain amendments suggested, was agreed to by him. That appellant's attorney with appellees' counsel then took the statement of facts to the district judge on the 22d day of December, who on that day approved the same. That as soon as it was approved, appellant's counsel delivered the statement of facts to the American Express Company, directed to the district clerk at Emory, Texas, and paid the charges thereon. That Emory is only twenty or thirty miles from Greenville, and that appellant's attorney believed that the papers and statement of facts would reach Emory on the 23d day of December, which, according to his information as to when the court adjourned, would have been within the ten days allowed for filing a statement of facts.

That if he had known that the court adjourned on the 13th of December, instead of on the 14th, he would have taken the papers to the district clerk in person at Emory, and had them filed, but that relying upon the information given him by said attorney at Emory, he sent the papers by express, and that they were actually delivered to the clerk on the 24th of December.

In Blackburn v. Blackburn, 16 Texas Civil Appeals, 564, this court, after quoting Revised Statutes, 1895, article 1382, said: "This provision clearly shows that the failure to file the same (statement of facts) in time must have resulted from a cause beyond the control of appellant or counsel; in other words, that the greatest possible diligence is essential in such cases." Citing Proctor v. Wilcox, 68 Texas, 219. A ruling in exact accord with the one quoted was made by this court in Cunningham v. Ellis, 41 Southwestern Reporter, 522. The facts relied upon by appellant to have the statement of facts considered as a part of the record do not clearly show that the failure to prepare and file the same in time resulted from a cause beyond the control of appellant or counsel. The appellant made the attorney at Emory its agent, and relied upon him to do certain things in order that a statement of facts might be prepared and filed in time. If the attorney failed to do what was expected of him, and through such failure the statement was not filed within the time prescribed by law, appellant must be charged with and abide by what resulted from his omission. It is not shown that appellant's leading counsel, who tried the case, could not have remained in Emory and there prepared and filed the statement of facts within the required time. It seems to us he had no right to rely upon the promise of the attorney in Emory to send the papers in the case out of the county in which it was tried to him in a distant county. After he prepared the statement of facts, he could have learned from the clerk of the court the date of the adjournment of the term, and need not have relied upon the statement of the attorney in Emory, who, according to his showing, failed to use due diligence in sending him the papers with which to prepare the statement of facts.

The motion is granted, and the paper styled "Statement of Facts" is stricken from the record.

It does not appear from the bill of exceptions and the record that the

admission of the testimony complained of in appellant's second assignment of error was erroneous, and that it caused appellant any injury. It not so appearing, in the absence of a statement of facts, the ruling of the trial court in admitting the evidence will not be revised. Railway v. Lochlin, 87 Texas, 467.

In the absence of a statement of facts, we can not say that any of the errors assigned to the charges given or refused are well taken, and of such a nature as require a reversal of the judgment of the court below. It is therefore affirmed.

*Affirmed.*

Writ of error refused.