BIRD v. LESTER et al.

(Court of Civil Appeals of Texas. Amarillo.
Jan. 10, 1914. Rehearing Denied
Feb. 21, 1914.)

1. APPEAL AND ERROR (§ 627*)—FAILURE TO FILE TRANSCRIPT—AFFIRMANCE ON CERTIFICATE.

Where appellant, after perfecting his appeal, loses his right to file his transcript by failure to file it in time, and shows no sufficient excuse, the right of the appellee to an affirmance on a certificate is absolute, though the appellant, previous thereto, sues out a writ of error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2744–2749, 3126; Dec. Dig. § 627.*]

2. APPEAL AND ERROR (§ 1127*)—FAILURE TO FILE TRANSCRIPT—SUFFICIENCY OF MOTION TO AFFIRM ON CERTIFICATE.

Under Courts of Civil Appeals rule 11a (142 S. W. xi), where an affirmance is asked upon certificate filed, a certificate, giving only the day when the court convened and adjourned, the copy of a judgment of dismissal, the motion for new trial, the order overruling it, and the appeal bond, did not show the trial court's jurisdiction of the subject-matter, and hence was insufficient to give jurisdiction to affirm.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4432–4440; Dec. Dig. § 1127.*]

Appeal from District Court, Garza County; W. R. Spencer, Judge.

Action by J. A. Bird against J. P. Lester and others. From a judgment for defendants, plaintiff appeals, and, failing to file his transcript in time, sued out a writ of error, and defendants move to affirm on certificate. Motion overruled.

R. N. Grisham, of Sweetwater, for appellant. Higgins & Hamilton, of Snyder, and J. D. Martin, of Alpine, for appellees.

HUFF, C. J. This is a motion to affirm on certificate. It is shown by the certificate that the district court of Garza county convened July 7, 1913, and adjourned July 19, 1913. At that term, the exact date is not given in the judgment, the general demurrer of the defendants was sustained to plaintiff's second amended original petition, and, the plaintiff declining to further amend, the cause was thereupon dismissed, "at the cost of plaintiff, for which execution may issue." That afterwards, on the same day, J. A. Bird, plaintiff, filed his motion for new trial, which was by the court overruled on the 8th day of July, 1913, to which action plaintiff excepted and gave notice of appeal to this court, and on that day the plaintiff, Bird, filed his appeal bond with the required sureties, conditioned as required by law to pay the costs on appeal. The bond was duly filed and approved by the clerk of the district court of Garza county July 8, 1913. The transcript was not filed in this court within the 90-day limit, and on the 5th day of November, 1913, J. A. Bird filed a supersedeas bond and petition for writ of error and caused citation to issue thereon, which was duly served on the defendant in that case and is docketed in this court as No. 576. The writ of error proceedings were filed in this court December 8, 1913.

J. A. Bird files in this court a contest of the motion to affirm on certificate, calling our attention to the writ of error proceedings. In this contest Bird seeks to excuse himself for the failure to file the transcript on the appeal within time.

[1] From the affidavits presented we do not think he shows sufficient excuse for the delay, but they evidence negligence on his part, and no grounds are therein stated which show that we are authorized to overrule the motion to affirm on certificate. Fire Insurance Co. v. Stilwell Bros., 26 Tex. Civ. App. 338, 63 S. W. 950; Hoefling v. Esser, 46 S. W. 294; Reynolds v. Dechaumes, 22 Tex. 116; Ellis v. Cunningham, 16 Tex. Civ. App. 571, 41 S. W. 522; House v. Williams, 40 Tex. 346; Railway Co. v. Edwards, 72 Tex. 303, 10 S. W. 525. We regard it as now settled by the courts that if for any reason the appellant, after having perfected his appeal, lost his right to file his transcript in this court, the right of the appellees to an affirmance on a certificate becomes absolute, and that, too, if the appellant had previous thereto sued out a writ of error. Welsh v. Weiss, 40 Tex. Civ. App. 257, 90 S. W. 160, and authorities cited; Railway Co. v. Ray, 19 Tex. Civ. App. 416, 47 S. W. 477; Filhol v. Leon & H. Blum Land Co., 19 Tex. Civ. App. 688, 49 S. W. 669. It follows that appellees should have an affirmance of this case upon their motion, if the certificate is sufficient.

[2] Rule 11a for Courts of Civil Appeals (142 S. W. xi) provides: "When an affirmance is asked upon certificate filed, there need be nothing more than a request for

---

affirmance signed by the party or his counsel. But such request shall be accompanied by a transcript of the record of the proceedings in the trial court sufficient to show that such trial court had jurisdiction of the subject-matter and parties." The certificate in this case gives only the day when the court convened and adjourned, the copy of the judgment which is one of dismissal and for costs only, motion for new trial, order overruling the motion, and appeal bond. There is nothing in the certificate to show that the trial court had jurisdiction of the "subject-matter." There is no transcript sent up with the motion to affirm to show the trial court had jurisdiction, and, unless that court had jurisdiction, we have none. Sloan v. McMillin, 113 S. W. 587; Ray v. Railway, 18 Tex. Civ. App. 665, 45 S. W. 479; House v. Williams, 40 Tex. 351; Bank v. Presidio County, 22 S. W. 10.

We have concluded, under the above rule and authorities, that we should not assume that the trial court had jurisdiction of the "subject-matter" on the recitals in the judgment alone, which does not give judgment for any amount by which we could conclude that court had jurisdiction. It has been held by the Supreme Court that this proceeding is summary and ex parte, and that a party claiming the benefit of the statute must bring himself strictly within the meaning of the statute. Loftin v. Nalley, 28 Tex. 127. This we do not think appellees have done in their motion and the certificate presented.

The motion is therefore overruled.