HOUSTON E. & W. T. RY. CO. v. HILLEN et al.   (No. 215.)

(Court of Civil Appeals of Texas. Beaumont. Feb. 14, 1917.)

1. APPEAL AND ERROR ⬥⇒629—TIME OF FILING RECORD—COURT'S DISCRETION.

The matter of allowing the filing of record on appeal after expiration of the statutory period is within the appellate court's discretion.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2765.]

2. APPEAL AND ERROR ⬥⇒628(2)—TIME OF FILING RECORD.

Where appellant did not send appeal record to trial judge for approval until five days before expiration of time, and judge failed to file it within the time, filing of the record thereafter will not be allowed where no reason for not filing it earlier is shown.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2751–2755.]

Appeal from District Court, Nacogdoches County; L. D. Guinn, Judge.

Action by Cynthia Hillen and others against the Houston East & West Texas Railway Company. Plaintiffs move to affirm on certificate judgment in their favor, and defendant moves to file record on appeal. Defendant's motion denied, and judgment affirmed.

McMeans, Garrison & Pollard, of Houston, for appellant. Geo. S. King, of Houston, and June C. Harris, of Nacogdoches, for appellees.

DAVIS, J. This is a motion to affirm on certificate, filed in this court on January 29, A. D. 1917.

---

[1, 2] It is shown by the certificate that the district court of Nacogdoches county convened September 4, A. D. 1916, and adjourned October 13, A. D. 1916; that on the 11th day of October, A. D. 1916, Cynthia Hillen and others, plaintiffs, recovered a judgment in said court against the Houston East & West Texas Railway Company, defendant, for the sum of $4,000; that on the said 11th day of October, 1916, defendant filed in said court its motion for a new trial, which motion was on the same day presented and overruled by the court; that defendant thereupon, in open court, gave notice of appeal, and thereafter, on October 24, 1916, filed its appeal bond.

Prior to the filing of appellees' motion to affirm on certificate appellant had filed in this court on January 27, 1917, its motion, in which it set up that January 22, 1917, was the last day of the 90 days in which it had to file the record on appeal; that said record was presented to the clerk of this court for filing on January 24, 1917, two days after the time had expired; that the clerk refused to file said record; that on January 17, 1917, counsel for appellant wrote a letter from Houston, Tex., to Judge L. D. Guinn, trial judge at Lufkin, Tex., telling him they had expressed to him for his approval the statement of facts in this cause, asking him to approve same, and send to the clerk of the district court of Nacogdoches county, where said cause was tried, to be filed by said clerk, and inclosed 25 cents to pay express charges, and called his attention to the fact that January 22d was the last day they had to file the record in the Court of Civil Appeals; that the clerk of the district court of Nacogdoches county, as shown by a letter from him, did not receive the statement of facts from Judge Guinn until January 22, 1917, which day he filed same; that they also wrote a letter to the clerk of the district court of Nacogdoches county on January 17, 1917, and inclosed a copy of their letter to Judge Guinn, and requested that he file said statement of facts, and return to them at once, charges collect; that, for reasons unknown to them, Judge Guinn did not act promptly upon the request of attorneys for appellant, but delayed sending the statement of facts to the district clerk until 10 o'clock a. m., January 22, 1917, the last day upon which the record should be filed in the appellate court; that they believe this case is meritorious, and prayed this court to permit the clerk to file the record as if presented within the 90 days allowed by law. On January 31, 1917, appellant filed its answer to appellees' motion to affirm on certificate, and prayed the court to postpone action on said motion until after passing on its motion to be allowed to file the record in this case; and on January 31, 1917, appellees filed their contest to appellant's motion to be allowed to file the record.

The question to be determined by this court is: Has the appellant shown by its motion good cause why it should be allowed to file in this court the record in this case as if presented within the 90 days allowed by law?

It is shown by the record that appellant filed its appeal bond on October 24, 1916. The clerk's certificate shows that the transcript was prepared November 27, 1916, and the certificate of the court stenographer shows that the statement of facts was prepared on November 14, 1916. There is nothing shown prior to January 17, 1917, why this record was not or could not have been filed within the time allowed by law, but beginning January 17, 1917, when the time for filing the record was nearly out, appellant sets up the facts, which it contends justifies this court in permitting the clerk to file this record.

We understand this is a matter within the discretion of this court, but before we would be willing, in the exercise of this discretion, to permit the record to be filed, we think that it should be shown that appellant's failure to file the record within the required time arose from some cause over which it had no control; and where appellant has perfected its appeal, loses its right to file its transcript, by failure to file it in time, and no such excuse is shown why it was not filed within the time, the right of appellee to affirmance on certificate is absolute. Bird v. Lester, 163 S. W. 658; Continental Fire Ass'n v. Stilwell, 26 Tex. Civ. App. 338, 63 S. W. 950.

The motion of appellant to file the record is denied, and the motion of appellees to affirm on certificate is granted, and the judgment of the lower court is therefore affirmed.