**SMITH v. JOYCE et al.    (No. 5791.)**

(Court of Civil Appeals of Texas.    Austin.
Oct. 10, 1923.    Rehearing Denied
Nov. 15, 1923.)

Appeal and error ☞629—Transcript not filed after expiration of required time where no diligence shown.

Where delay in preparation of transcript occurred on account of appellant's affidavit of inability to pay costs, by which she sought to have the evidence transcribed without cost to herself, and where the record would have been prepared within the required time if she had employed the court reporter without undue delay to prepare the statement of facts in the first instance, and had used proper diligence to complete the record within the required time, her motion to file transcript after expiration of such time will not be granted, under Vernon's Sayles' Ann. Civ. St. 1914, arts. 1608, 2099.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from District Court, Milam County; John Watson, Judge.

Action between Mrs. Mamie Smith and M. W. Joyce and others. From the judgment rendered, the former appeals. On appellant's motion to file transcript. Motion overruled.

W. A. Morrison, of Cameron, and H. E. Marshall and L. A. Kottwitz, both of Houston, for appellant.

Henderson, Kidd & Henderson, of Cameron, and Frederick Murphey, of San Antonio, for appellees.

BAUGH, J. The transcript and statement of facts in this case were received by the clerk of this court on May 26, 1923. The 90-day period in which to file same expired on May 10th. From motion of appellant for permission to file record and the appellees' reply thereto, it appears that appellant on February 9, 1923, filed in the district court of Milam county her affidavit of inability to pay costs, and requested the court reporter to make up a statement of facts. He declined to do so unless remunerated. On February 19th, appellant filed a motion in the district court, asking that the court reporter be required to make up same. This motion was granted without a hearing, but was later, on March 3d, vacated. Some 14 or 15 days thereafter appellant's attorneys employed the court reporter to make up statement of facts in question and answer form; and on April 10th he notified them that he had the same ready for them; but was not paid until April 16th, on which day he delivered the statement of facts to appellant's local attorney. This attorney then forwarded same to appellant's other attorneys at Houston, who received the record on April 18th, 22 days before time for filing it in this court expired. Appellant's Houston attorneys then employed another court reporter to reduce the statement of facts from question and answer form to narrative form; and this process was not completed until May 12th.

The statement of facts was not presented to appellees' attorneys for approval until May 18th, and was not filed in the trial court until May 23, 1923. It also appears that the appellant did not request the district clerk of Milam county for the transcript until May 20, 1923, 10 days after the time to file the same in the appellate court had already expired.

Where the parties have shown diligence in the preparation of the record, the courts have not adhered rigidly to the rules as to time of filing a record on appeal. But the courts have ordered same filed only where the delay was due to some circumstance clearly beyond the control of the party seeking to have the rule abrogated. In this case it appears that the delay of 22 days occurred on account of appellant's affidavit of inability to pay costs, by virtue of which the appellant sought to have the evidence transcribed without cost to herself. After failing in this, about 15 days more were allowed to pass before the court reporter was employed to make up a statement of facts. Notwithstanding a pauper's oath to begin with, two court reporters were later employed before statement of facts in its final form was prepared. This was clearly unnecessary. Had the appellant without undue delay employed the court reporter of the trial court to properly prepare statement of facts in the first instance, and used proper diligence to complete the record within the 90 days allowed, we think she could easily have done so. In our opinion, therefore, appellant has not shown sufficient diligence to entitle her to have the record filed. Vernon's Sayles' Revised Statutes 1914, arts. 1608, 2099; Williams et al. v. Walker et al. (Tex. Civ. App.) 33 S. W. 556; H. E. & W. T. Ry. Co. v. Hillen (Tex. Civ. App.) 193 S. W. 782; Goldberg v. Allen (Tex. Civ. App.) 244 S. W. 1114.

Appellant's motion overruled.

Motion overruled.