PAYNE v. CAMPBELL. (No. 6779.)

(Court of Civil Appeals of Texas. Austin. Feb. 6, 1924.)

1. Appeal and error ☞799—Burden of excusing failure to file record not met where supporting affidavit controverted.

The burden resting on a party seeking to excuse her failure to file the record in the time allowed by law is not met when the affidavit of her attorney unsupported by corroborating evidence is controverted by affidavit of opposing counsel.

2. Stipulations ☞21—Conflicting affidavits insufficient to establish unwritten agreements between counsel.

Where agreements between counsel are not reduced to writing as required by C. C. rule 46, the court will not decide between conflicting affidavits of opposing counsel asserting and denying such agreements, but will leave the parties as though no agreement had been made.

Error from District Court, Tom Green County; C. E. Dubois, Judge.

Action by Bob Campbell against Mrs. C. R. Payne. Judgment for plaintiff, and defendant brings error. On motion for rehearing on order overruling motion to affirm on

certificate and on order granting motion to file and docket cause. Motion denied.

W. C. Wofford, of Taylor, and Wright & Harris, of San Angelo, for plaintiff in error and opposed the motion.

J. A. Thomas, of San Angelo, for defendant in error and for the motion.

McCLENDON, C. J. Defendant in error brought this suit in the district court of Tom Green county to recover against plaintiff in error and others the principal, interest, and attorney's fees upon a certain promissory note for the principal sum of $1,209, executed by plaintiff in error and others, payable to the order of defendant in error "at San Angelo National Bank." Plaintiff in error filed a plea of privilege to be sued in Williamson county, where she resided, contending that the quoted stipulation of the note was not sufficient to give jurisdiction in Tom Green county, and that parol evidence was not admissible to show that the "San Angelo National Bank" was in Tom Green county. Subject to this plea plaintiff in error also filed an answer to the merits of the case. The plea of privilege was heard and overruled on March 22, 1923, at a special term of the court, and exception and notice of appeal given by plaintiff in error; the order also reciting that plaintiff in error announced in open court "that she would withdraw her answer to the merits" of the case. On the same day final judgment was rendered against plaintiff in error for $1,898.42 and costs, of which $500 was attorney's fees, $1,209 was principal, and $189.42 interest. Writ of error was sued out from this judgment, and service thereon accepted July 2, 1923.

On November 19, 1923, defendant in error filed a motion to affirm on certificate, in opposition to which plaintiff in error, on December 5, 1923, tendered the record and briefs in the case, and asked that the record be filed and the cause docketed. In support of this motion an affidavit of counsel for plaintiff in error was filed, setting up certain facts as an excuse for not filing the record within 90 days after the writ of error was perfected. This affidavit set forth in detail certain matters alleged to have transpired at the time the plea of privilege was overruled, which, if true, might be sufficient to authorize setting aside the judgment in a direct proceeding brought for that purpose, but which could not be considered upon appeal or writ of error. That portion of the affidavit which has reference to the failure to file the record on time reads:

"Appellant says that before the time had expired for filing the record in this court plaintiff's counsel made a proposition of a settlement which was acceptable to counsel for the defendant, and so informed counsel that he was

sure such offer would be accepted, but that the defendant Mrs. C. R. Payne was at that time out of the state, and would return about October 1, 1923, and the record would not be ordered out pending the negotiations of settlement, but that on her return to Taylor she suffered an injury to her eye, and was compelled to leave the train at Dallas, Tex., where she is at this time confined. Yet, in view of all of this, and the knowledge of counsel for plaintiff as to all of the above facts, he comes into this court and files a motion to affirm said cause on certificate, for the reason that the record of the case has not been filed."

While the affidavit is not entirely clear upon the subject, we construed it as alleging an agreement between opposing counsel that the record on appeal might be withheld from filing pending negotiations for settlement, and as such that it probably constituted a sufficient excuse for not earlier filing the record. Accordingly the motion to file and docket was granted, and the motion to affirm on certificate was overruled.

Defendant in error has filed a motion for rehearing upon these orders, attaching thereto an affidavit of his counsel which, besides negativing those matters deposed by opposing counsel which might affect the validity of the judgment upon a direct proceeding, states:

"Opposing counsel never at any time got together on a proposition of settlement of this case, which either indicated he was willing to recommend to his client, nor did counsel for plaintiff ever consent to delay or extend the time for filing a transcript herein, nor was such a matter ever mentioned to him by any one."

[1, 2] This controverting affidavit is clearly a categorical denial of any alleged agreement to the effect that the record might be filed after the time allowed by law. In this state of the proof plaintiff in error is not entitled to any relief. Upon her rested the burden to excuse her failure to file the record in time, and she has not met that burden when the affidavit of her attorney unsupported by corroborating evidence is controverted by the affidavit of opposing counsel. Agreements between counsel affecting the substantial rights of their clients ought to be reduced to writing. C. C. A. rule 46. When this is not done the court will not decide between conflicting affidavits of opposing counsel asserting and denying such agreements, but will leave the parties where their own conduct would place them in the absence of such alleged agreements.

The motion of defendant in error for a rehearing is granted, the orders heretofore made overruling the motion to affirm on certificate and granting the motion to file the record and docket the cause are set aside, the motion of defendant in error to "strike from the record in this cause the transcript" and to affirm on certificate the trial court's judgment is granted; and the motion of plaintiff in error to file the record is overruled.

Motion granted.