## WATSON et al. v. CITY OF SAN MARCOS.
### No. 7524.

Court of Civil Appeals of Texas. Austin.

June 11, 1930.

Rehearing Denied July 9, 1930.

McCLENDON, C. J.

Motion by appellee city of San Marcos to vacate our former order overruling its motion to affirm on certificate, and our former order permitting appellant to file transcript after the time allowed by law.

The term of court at which the case was tried expired February 7, 1930. The appeal bond was filed February 10, 1930. By extension order appellant was given ninety days after adjournment within which to file statement of facts and bills of exceptions. These were not agreed to by appellee's attorney until May 7, 1930, and appellee's attorney agreed with appellant's attorney, if he could not get them filed on that date, which was then supposed to be the last day for filing, they might be filed back as of within the ninety days. The bills of exceptions were in fact filed late at night on May 7th. The clerk's certificate shows that he had the transcript ready, with the exception of the bills of exceptions, and, had he been requested by appellant's attorney, he could have completed the transcript, including said bills, and delivered it to appellant's attorney on May 9th, two days before the time allowed by law within which to file the transcript in this court. The transcript was tendered to the clerk of this court on May 20th, and on May 22d appellee filed its motion to affirm on certificate. No valid excuse for not filing the transcript within the time allowed by law is presented, and we are therefore not warranted in permitting the transcript to be filed, or in denying the motion to affirm on certificate. Smith v. Joyce (Tex. Civ. App.) 256 S. W. 616; Texas Jurisprudence, vol. 3, § 521, and authorities there cited.

It appears from the record that this is a case which would be entitled to advancement, and involves questions the speedy determination of which is very much to the interest of appellee, and the delay occasioned by failing to file the transcript within the time allowed by law would have the effect unreasonably and unnecessarily to postpone the decision to the prejudice of appellee.

The motion to vacate is granted; the order allowing the transcript to be filed is set aside; and the cause stricken from the docket. The order overruling the motion to affirm on certificate is set aside; said motion is granted; and the cause is affirmed on certificate.

Motion granted.

### On Motion for Rehearing.

Appellant insists that appellee's counsel agreed to an extension of time within which the record might be filed in this court. We do not construe the affidavits filed as extending beyond an agreement that the statement of facts and bills of exceptions might be filed back within the time required by law. This agreement was complied with. The certificate of the clerk shows that thereafter the record would have been completed two days in advance of the time limit for filing in this court had appellant's counsel made the request. The record shows entire want of diligence on appellant's part. Since, however, appellant insists that there was an agreement extending the time for filing the record in this court, we direct attention to the case of Payne v. Campbell (Tex. Civ. App.) 259 S. W. 693, 694, from which we quote: "Agreements between counsel affecting the substantial rights of their clients ought to be reduced to writing. C. C. A. rule 46. When this is not done

the court will not decide between conflicting affidavits of opposing counsel asserting and denying such agreements, but will leave the parties where their own conduct would place them in the absence of such alleged agreements."

Motion is overruled.

Overruled.