## HOOE v. TEXAS FIRE & CASUALTY UNDERWRITERS.

### No. 2418.

Court of Civil Appeals of Texas. Waco.

May 8, 1941.

C. S. Farmer and Holvey Williams, both of Waco, for appellant.

Tom H. Kee, of Waco, for appellee.

TIREY, Justice.

■ This case is before the court upon motion of appellee Texas Fire & Casualty Underwriters to affirm on certificate, because of the failure of appellant to file the transcript within the time provided by law, and upon motion of appellant Ken W. Hooe to file transcript of the record after the expiration of sixty days from the date final judgment was rendered in the district court. The record discloses that this cause was tried before the court without the intervention of a jury and that the trial court rendered final judgment on February 6, 1941, at which time notice of appeal was given to this court. The time within which the transcript should have been filed in the Court of Civil Appeals expired on the 7th day of April, 1941. Art. 1839, as amended 1931, Vernon's Annotated Civil Statutes. Appellee filed its motion to affirm on certificate on April 8, 1941, during the term to which appellant's appeal was returnable. Appellant filed his motion for permission to file transcript (without tendering same) on the 21st day of April, 1941, within the fifteen days after the expiration of such sixty-day period.

Appellant, in his verified motion, sets up substantially (1) that after the judgment was rendered and before the expiration of the sixty-day period in which to file said transcript, appellant and appellee, through their attorneys, were negotiating with reference to an adjustment and settlement of said judgment; and that appellant, through his attorney, submitted to the attorney for appellee a compromise offer which appellee's attorney was to submit to it; that appellee's attorney requested appellant's attorney not to prosecute said appeal further until he had time to determine whether appellee would accept the offer so made and thus obviate incurring additional court costs; (2) that negotiations for settlement continued until after the sixty-day period for the filing of the transcript herein had expired, and appellant's first notice that his offer of compromise would not be accepted was when he received copy of the appellee's motion to affirm on certificate.

Appellee has contested the motion of appellant under oath and denied the allegations made therein with reference to offer of compromise settlement and substantially avers (1) that appellee's counsel had no agreement with appellant or his attorney as to a settlement; (2) that no proposition of settlement had been discussed with him, the terms of which he indicated to appellant he was willing to recommend; (3) that he had advised counsel for appellant that the only offer of compromise that would be entertained "would be a reasonable offer and the proverbial long green and hard cold cash laid down before counsel for appellee at the time of the offer"; and that this had not been done; and (4) that he never consented to delay or extend the time for filing transcript and statement of facts.

■■ Our Supreme Court has recently construed Art. 1839, aforesaid, in Parks v. Purnell, 135 Tex. 182, 141 S.W.2d 585, point page 586, in which it held: "Of course the Court of Civil Appeals must not act arbitrarily and must only grant extensions for good cause." We do not think appellant's motion shows good cause, but, on the contrary, believe that the above facts bring this cause within the rule announced in Payne v. Campbell, Tex.Civ. App., 259 S.W. 693, point 1–2, page 694. "Agreements between counsel affecting the substantial rights of their clients ought to be reduced to writing. C.C.A. rule 46. When this is not done the court will not

decide between conflicting affidavits of opposing counsel asserting and denying such agreements, but will leave the parties where their own conduct would place them in the absence of such alleged agreements." See also Watson v. City of San Marcos, Tex. Civ.App., 29 S.W.2d 823.

We therefore hold that no valid excuse is presented for not filing the transcript within the time allowed by law, and that we are not warranted in permitting the transcript to be filed, or in denying the motion to affirm on certificate. Under the provisions of Art. 1841, Vernon's Annotated Civil Statutes, the appellee is entitled to have the judgment of the trial court affirmed. 3 Tex.Jur. 737; Beaver v. Beaver, Tex.Civ.App., 57 S.W.2d 279, and authorities there cited.

Appellant's motion for permission to file transcript is denied; the motion of appellee to affirm on certificate is granted; and the judgment of the trial court is affirmed.