### SHULTS et al. v. KRAUSKOPF et al. (No. 7016.)

(Court of Civil Appeals of Texas. Austin. June 16, 1926.)

**1. Abatement and revival ⚖=29.**

Failure of plaintiffs operating unincorporated bank under firm name to comply with assumed name statute (Acts 38th Leg. [1923] c. 185, § 5) will not abate their action on note unless defendants were prejudiced thereby.

**2. Principal and surety ⚖=101(3).**

Sureties on note *held* not liable where payees without their knowledge or consent allowed another to subsequently sign as principal maker.

**3. Principal and surety ⚖=105(1).**

Sureties *held* not liable where note was extended for one year without their knowledge or consent, regardless of whether extension was in writing.

**4. Principal and surety ⚖=108(1).**

As respects liability of sureties, extension of time of payment of note for one year as between principal makers and payees *held* binding without other consideration.

**5. Principal and surety ⚖=156.**

Plea by sureties on note alleging that time of payment had been extended without their knowledge or consent *held* not to show waiver of such extension.

Error from District Court, Llano County; J. H. McLean, Judge.

Action by Oscar Krauskopf and another, as partners under the firm name of Citizens' Bank, Unincorporated, of Fredericksburg, against C. E. Shults and others. Judgment for plaintiffs and defendants A. R. Latham and another bring error. Reversed and remanded.

Stevenson, Baker & Knetsch, of Junction, for plaintiff in error Smith.

Carl Runge, of Mason, for plaintiff in error Latham.

N. T. Stubbs, of Mexia, for defendants in error.

McCLENDON, C. J. This suit was brought by defendants in error, Oscar Krauskopf and Wm. Bierschwale, as partners under the firm name of Citizens' Bank, Unincorporated, of Fredericksburg, Gillespie County, Tex., against C. E. Shults, Walter Vander Stucken, A. R. Latham, and Wes Smith, upon a negotiable promissory note alleged to have been executed by the four named defendants and made payable to the Citizens' Bank of Fredericksburg. Shults and Vander Stucken made default, and judgment was rendered against them accordingly. Latham and Smith, who are plaintiffs in error here, filed a plea in abatement, based upon alleged failure of defendants in error to comply with the provisions of section 5, c. 185, Acts of the 38th Legislature, known as the "Assumed Name Statute," and additionally set up a number of special defenses to the note. The plea in abatement was overruled, and some of the defenses were stricken out upon exception. The case was tried to the court and judgment rendered against Latham and Smith for the amount of the note. The appeal is from this judgment.

We will refer to the parties as designated in the court below.

The record contains no statement of facts, findings of fact, or conclusions of law. The errors assigned relate to the action of the trial court in overruling the plea in abate-

ment, and in sustaining exceptions to defenses set up by Latham and Smith.

[1] With reference to the plea in abatement, it is only necessary to state that there is no allegation made warranting the conclusion that the failure of the plaintiffs to comply with the statute, if in fact there was such failure, operated in any way to the prejudice of defendants; and the court, therefore, properly overruled the plea. Paragon Oil Syndicate v. Rhoades Drilling Co. (Tex. Com. App.) 277 S. W. 1036; Gregory v. Newsom (Tex. Civ. App.) 279 S. W. 912.

[2] Smith and Latham urged as one of the defenses to which the court sustained a special exception, which in effect amounted to a general demurrer, that the note as originally made was signed by Walter Vander Stucken, who was in fact principal in the note, and by themselves who acted only as sureties; that after plaintiffs accepted the note as so signed, they allowed C. E. Shults to sign it as principal maker, without the knowledge or consent of said defendants; that this constituted a material alteration of the instrument and relieved them from liability thereon. The decisions in this state sustain this contention. The latest expression we have found upon the subject is in the case of Chapman v. Morrison (Tex. Civ. App.) 282 S. W. 606. The assignments complaining of this ruling are sustained.

[3] Another defense urged by Latham and Smith was that the note had been extended without their knowledge or consent for a period of one year from its due date by valid extension agreement made between the holders of the note and Shults and Vander Stucken. There were two exceptions to this defense, both of which were sustained and the defense stricken out. The first of these exceptions was that there was no allegation whether the extension was oral or in writing and the consideration therefor was not alleged. The second exception was to the effect that the pleading showed that defendants had waived the extension.

It is not necessary to cite authority with reference to any of these objections to the pleading. Extension of a promissory note does not have to be in writing, and it was no valid objection to the plea that it did not state whether the extension agreement was oral or written.

[4] The plea alleged a definite extension of time of payment of the note for one year made between the principal makers and the payees. No other consideration was necessary to constitute an agreement of extension binding upon the parties to the agreement, and such extension, if made, would release the nonconsenting sureties.

[5] There is no basis for the assertion that the plea shows that defendants waived the extension agreement. On the contrary, it is alleged that the extension was made without the knowledge or consent of said defendants, and without giving them any notice thereof whatsoever.

In addition to the foregoing pleas, defendants reiterated all of their grounds of defense by way of estoppel, and this plea was stricken out on exception. It is unnecessary to make a specific ruling upon this exception, since the pleas were either good or bad, independently of the additional plea of estoppel. As to those pleas not stricken out on exception, defendants had their day in court, and as to the two pleas exceptions to which were sustained, the ruling of the trial court is set aside.

For the errors pointed out, the trial court's judgment is reversed, and the cause remanded for a new trial.

Reversed and remanded.