**SNELLING v. SECURITY TRUST CO. ***
(No. 7096, Motion No. 6252.)

(Court of Civil Appeals of Texas. Austin.
Nov. 10, 1926. Rehearing Denied
Dec. 1, 1926.)

1. Appeal and error ⬦⟹14(1)—Appeal perfected by filing supersedeas bond could not be abandoned after failing to file transcript within statutory period, and writ of error prosecuted (Rev. St. 1925, art. 1839).

Where appellant perfected appeal by filing supersedeas bond and failed to file transcript of record within time prescribed by Rev. St. 1925, art. 1839, he could not defeat appellee's right to affirmance on certificate by abandoning appeal and filing record on writ of error, since such procedure would enable appellant to bring about delay to which he is not entitled.

2. Appeal and error ⬦⟹628(1)—Excuse for failure to file record on appeal, within statutory period, held insufficient to justify permission to file later.

Where appellant failed to file transcript on appeal within statutory period, because of sickness of counsel, and more than two months elapsed between last day for filing record and motion seeking to excuse delay, even though appellate court was not in session during time, there was not sufficient excuse to justify permitting record to be filed later.

3. Appeal and error ⬦⟹629—Appellant, failing to file record on appeal, within statutory period, should forthwith apply to Court of Civil Appeals, setting up excuse for delay.

Where appellant failed to file transcript of record on appeal, perfected by supersedeas bond, within statutory period, because of counsel's illness, he should have forthwith applied to Court of Civil Appeals setting up fact of counsel's illness as sufficient excuse for delay in filing record.

Error from District Court, Travis County; Geo. Calhoun, Judge.

Suit by the Security Trust Company against E. B. Snelling. From a judgment for plaintiff, defendant appealed and, later, prosecuted writ of error. Plaintiff filed motion to affirm on certificate, and this motion is consolidated with cause pending on writ of error. Motion to affirm on certificate granted. Defendant's motions to prosecute appeal on writ of error, or to now file record on appeal, and his appeal on writ of error dismissed.

June C. Harris, of Austin, for plaintiff in error.

Smith & Gibson and ·Garrett, Brownlee & Goldsmith, all of Austin, for defendant in error.

BLAIR, J. Motion No. 6252, E. B. Snelling v. Security Trust Company, to affirm on certificate is. hereby ordered consolidated with cause No. 7096, E. B. Snelling v. Security Trust Company, pending in this court on writ of error.

Opinion on motion to affirm on certificate, and on motion by appellant for permission to present his appeal by writ of error, or, in the alternative, for permission to now file appeal record upon facts alleged to be sufficient to excuse failure to file it within statutory period.

On March 24, 1926, appellee recovered judgment against appellant in the sum of $1,550. Appellant's motion for a new trial was overruled April 29, 1926, and he gave notice of appeal, which was · returnable to this, the October term of this court. On May 14, 1926, appellant filed his appeal bond, and later, June 19, 1926, filed his supersedeas bond. The transcript was delivered to appellant's counsel July 21, 1926, at which time there remained 22 days within the 90 days allowed by law for filing it in this court. It was not filed, but counsel took it to his office in the city of Austin and began preparation of a brief from it. The same day he was taken suddenly ill and continued so until July 26, 1926, when he resumed examination of the record and preparation of the brief, but on the day last mentioned he suffered a relapse of his illness, which continued for several days, the exact date not being shown. Counsel's affidavit states that his illness continued until the time for filing the record had expired. His motion shows that he was laboring under the impression that July 29, 1926, was the last day, whereas August 12, 1926, was the last day for filing, and therefore the time referred to by counsel must have been July 29, 1926. Appellant then abandoned his appeal and prepared his case for review of this court on writ of error, obtaining the transcript September 30, 1926, and filing it in this court October 14, 1926. The appeal on writ of error is perfected by both an appeal bond and a supersedeas bond. On October 15, 1926, appellee filed its motion in the manner and form required by law for an affirmance on certificate. On October 25, 1926, appellant filed a contest of the motion, setting up the fact that he had filed the transcript on writ of error, alleging that no delay, injury, or disadvantage had resulted or would result to appellee by reason of said procedure, and prayed that he be permitted to file the record on writ of error. In the alternative, appellant set up the fact of counsel's illness as sufficient excuse for the delay in filing the transcript on his appeal, and prayed that he be permitted to now file the record on appeal, upon the showing made as sufficient to excuse the failure to file it within the statutory period.

With reference to the effort to appeal by both an appeal and on writ of error, the case of Templeman v. Maas. (Tex. Civ. App.) 286 S. W. 544, holds that:

⬦⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction January 26, 1927.
288 S.W.—16

"It is well settled by our decisions that the right of an appellee to an affirmance on 'certificate, when the appellant has failed to file a transcript within the time prescribed by the statute and shows no valid excuse for such failure, is an absolute right, and not affected by the suing out of a writ of error and filing a transcript on such writ, if the motion for affirmance is filed during the term of court to which the appeal is returnable. Welch v. Weiss, 99 Tex. 356, 90 S. W. 160; Golding v. Cull (Tex. Civ. App.) 158 S. W. 1152."

[1] It is also well settled that, where an appeal is perfected by filing a supersedeas appeal bond, the appellant cannot thereafter defeat the appellee's right to an affirmance on certificate by abandoning his appeal and prosecuting a writ of error to the same term after the time for filing the appeal had expired. The reason for the rule is that, since the supersedeas bond obstructs the enforcement of the judgment, such procedure would enable the appellant to bring about a delay to which he is not entitled and which the appeal statute was designed to prevent. Perez v. Garza, 52 Tex. 571; Insurance Co. v. Clancey, 91 Tex. 467, 44 S. W. 482; Welch v. Weiss, 99 Tex. 357, 90 S. W. 160. These cases are also authority for the proposition that it is immaterial whether the failure to file the transcript on appeal in time was through accident or design to delay, holding:

"That, if for any reason the appellant, having perfected his appeal, lost the right to file his transcript in the appellate court, the right of appellee to an affirmance on certificate became absolute, if urged during the term of which the appeal was returnable." Welch v. Weiss, supra.

So in this case, since appellant failed to file his appeal record, perfected by both a cost bond and a supersedeas bond within the time prescribed by article 1839, R. S. 1925, he is not entitled to file the record on writ of error. His only remedy is to justify or excuse the failure to file the record on appeal within the 90 days, but not the writ of error.

[2, 3] As a matter of fact, the failure to file the transcript on appeal was not due to bad faith, or any willful purpose to delay the enforcement of the judgment, or the final termination of the case, but the excuse given is not sufficient to justify this court in permitting the record to now be filed. Almost three months elapsed between the time appellant thought his transcript should be filed, July 29, 1926, and the filing of his motion, October 25, 1926, setting up facts alleged to be sufficient to excuse the delay, and more than two months elapsed between August 12, 1926, the last day for filing the record, and the motion seeking to excuse the delay. During this period of time appellant made no effort to file the appeal record, but, at his own risk, voluntarily abandoned his appeal and prosecuted an appeal on writ of error,

and, in the meantime, he was delaying the enforcement of the judgment by his supersedeas appeal bond. The fact that this court was not in session during the time mentioned is immaterial, and, if material, appellee was being delayed in the final disposition of its case because all cases filed in this court during that period have priority over this case. Appellant's remedy was to have forthwith applied to this court, setting up the fact of counsel's illness as sufficient excuse for the delay in filing the record, and the failure to do so for more than two months after counsel's recovery is not sufficient excuse,

Therefore we are of the opinion that the motion to affirm on certificate must be granted, and that appellant's motion to prosecute his appeal on writ of error and the alternative motion to now file the record on his appeal, upon the showing made as excuse for failure to file within statutory period, must be and they are hereby dismissed. The appeal on writ of error is also dismissed.

Motion to affirm on certificate granted; appellant's motions dismissed.

McCLENDON, C. J., not sitting.