SCOTTISH UNION AND NATIONAL INSURANCE COMPANY v. C. H. CLANCEY.

No. 624.—Decided February 17, 1898.

1.  **Appeal—Abandonment—Writ of Error.**
    A party who desires to complain of a judgment of a trial court may appeal, aban-
    don his appeal, and then sue out a writ of error, but this privilege is subject to the
    right of the appellee to have the judgment affirmed on certificate; or upon the suing
    out of one writ of error and its abandonment, another may be prosecuted—subject
    to the same right of affirmance on part of defendant in error,—which, if no suf-
    ficient excuse for the failure to file in time has been given, becomes absolute at the
    time at which the transcript should have been filed. (P. 471.)

2.  **Same.**
    A defendant in judgment appealed with supersedeas, and, after the expiration of
    the term to which the appeal was returnable, having failed to file transcript, sued
    out writ of error with supersedeas, but again failed to file transcript in time. He
    then prosecuted a second writ of error, filing the transcript on the day of, but after,
    the filing of a motion to affirm on certificate. Held, that the last writ of error was
    legally sued out, but would not prevent the affirmance on certificate. (Pp. 468 to
    471.)

3.  **Cases Distinguished.**
    Eppstein v. Holmes, 64 Texas, 560; Thompson v. Anderson, 82 Texas, 237; Schon-
    field v. Turner, 6 S. W. Rep., 628; Trent v. Rhomberg, 66 Texas, 249, reviewed, and
    distinguished from Perez v. Garza, 52 Texas, 571. (Pp. 469 to 471.)

QUESTIONS CERTIFIED from Court of Civil Appeals for Fifth District,
in an appeal from Dallas County.

*Crawford & Crawford*, for plaintiff in error.—In Perez v. Garza, 52
Texas, 574, it is said that the statute which authorizes the affirmance of
a judgment on certificate was enacted to prevent parties from abandon-
ing an appeal and delaying the collection of the judgment. In that case
the writ of error was sued out one day too late for the return of the

writ to the next ensuing term of the Supreme Court. An examination of the case will show that it was solely upon this ground that the judgment was affirmed on certificate.

In Thompson v. Anderson, 82 Texas, 238, Judge Stayton says: "If the appeal had suspended the right of defendant in error to enforce his judgment there would be much reason for holding that a writ of error ought not to be allowed returnable to a term subsequent to that to which the appeal was returnable.

It has been the constant practice in the Supreme Court, when appeals have been dismissed for want of prosecution, to entertain writs of error to the same judgment. Schonfield v. Turner, 6 S. W. Rep., 628; Railway v. Hare, 23 S. W. Rep., 43.

We have found no case where a judgment has been affirmed on certificate where the transcript of the record was on file in the appellate court.

It would seem that the proper practice would be to move to dismiss the writ of error. This was the course pursued in Thompson v. Anderson, 82 Texas, 237, and Railroad v. Hare, 23 S. W. Rep., 43. In the latter case it was conceded by the attorney for the defendant in error that the judgment could not be affirmed on certificate when the transcript of the record was on file in the appellate court.

*G. G. Wright*, for defendant in error.—Under the facts the court should affirm on the certificate. Davidson v. Ikard, 86 Texas, 67; Perez v. Garza, 52 Texas, 571.

The jurisdiction of the Court of Appeals under the first writ of error proceedings attached, and no subsequent writ of error could lie. Thomas v. Thomas, 57 Texas, 516.

I submit that to allow an appeal to be perfected so as to supersede the execution of a judgment, and after it had expired, then file writ of error proceedings, so as to further supersede the execution of the judgment, and when that expired file the second writ of error proceedings and further supersede the execution of the judgment, would be, as stated by Chief Justice Moore in the case of Perez v. Garza, to make a mere mockery of the law. And taking the intent of the Legislature in shortening the time in which writs of error could be resorted to, it is evident that the Perez case was understood by it.

GAINES, CHIEF JUSTICE.—The following questions have been certified for our determination by the Court of Civil Appeals for the Fifth Supreme Judicial District:

"The judgment involved herein was rendered on the 10th day of December, 1896, by the Fourteenth Judicial District Court of Dallas County. The defendant in the judgment, plaintiff in error herein, gave notice of appeal and perfected its appeal to this court on December 15, 1896, by supersedeas bond. The term of this court to which the appeal was perfected ended on the first Monday in July, 1897, and no tran-

script of the record in the cause was filed in this court, nor was there any application made to have such transcript filed.

"On August 17, 1897, the plaintiff in the judgment caused an execution to be issued upon the judgment, and on August 18, 1897, the defendant in judgment perfected a writ of error with supersedeas bond, and the sheriff returned the execution not executed,—it having been superseded. No transcript was filed in this court in the writ of error proceeding during the time fixed by statute, to-wit, ninety days from the time of perfecting the writ of error. After the expiration of the time a motion was made by the plaintiff in error for leave to file the transcript, but this motion was overruled upon the ground that good and sufficient excuse for the delay in filing the transcript had not been shown. This motion for permission to have the transcript filed was overruled on December 4, 1897. On December 8, 1897, the plaintiff in error again filed its petition in error and supersedeas bond and perfected its writ of error, an execution having already issued upon the judgment after the motion to file the transcript was refused. The transcript in the second writ of error proceeding was filed in this court on December 24, 1897. On the same day that the transcript was filed herein, but previous to its filing, the defendant in error filed in this court his application to affirm the judgment upon certificate. No previous application to affirm on certificate had been made.

"1. Where a party has abandoned an appeal duly perfected on supersedeas bond to a past term of this court, then sues out a supersedas writ of error to the present term and fails to file his transcript in the time required by law, and is refused permission to file it after such time because good excuse for the delay is not shown, can he legally sue out another writ of error on supersedeas bond, the limitation of twelve months not having expired?

"2. If the second writ of error may legally be sued out under the conditions named, would the pendency of such error proceeding prevent affirmance upon certificate upon the application of the defendant in error, when the application for such affirmance is filed in this court after the writ of error has been perfected, but before the transcript in error has been filed, and when the defendant in error had sought to enforce his judgment by execution, caused to be issued after motion to file transcript in first writ of error proceeding was overruled by this court?"

In Perez v. Garza, 52 Texas, 571, it was held that one against whom a judgment was rendered and who had appealed and superseded the judgment by giving a supersedeas bond, could not, after abandoning his appeal on the day for filing the transcript, again supersede the judgment by suing out a writ of error and giving a writ of error bond. In that case the court say: "The right of appellee to the execution of his judgment cannot be delayed or trifled with by so shallow a device as this. It is the fact that appellants, after delaying the collection of judgments, might decline to prosecute their appeals, that induced the enactment of

the statute which authorizes the affirmance of judgment on certificate without reference to the merits. If this could be prevented by abandoning the appeal and suing out a writ of error at a day too late for the return of the writ to the ensuing term of the Supreme Court, it would be impossible to enforce judgments against defendants who wish to delay them until the expiration of the term within which a writ of error may be prosecuted; for if the first writ of error did not effect this, it might be abandoned, as the appeal has been in this case, and another writ sued out." The principle upon which the decision is based is, that it is unjust to the appellee to permit the appellant to delay the enforcement of the judgment by cumulating one upon the other of his two remedies for a revision of the proceedings of the trial court. We find no substantial difference between that case and the one in which the question has been certified. In that case there was one appeal and one writ of error, in each of which a supersedeas bond was given. Here then is an appeal and two writs of error, in each of which also there was a supersedeas bond. There a motion was made to affirm on certificate at the term at which the transcript should have been filed. Here no motion was made to affirm by reason of the perfecting of the appeal and the failure to file the transcript; but such a motion was made upon the ground of the suing out of the first writ of error. Unless it could be held that the plaintiff in error occupies a better position, either by reason of his having taken an appeal and having then abandoned it or by the fact that he attempted to have the transcript upon his first writ of error filed after he had willfully or negligently failed to file it in time, the case of Perez v. Garza is directly in point. But we are of opinion, that his continued default places him in a worse rather than in a better position.

The principle of the case cited has never been expressly overruled by this court, but it has been recognized in subsequent decisions. In Eppstein v. Holmes, 64 Texas, 560, it was held that a party after appealing upon a cost bond might sue out a writ of error and supersede the judgment by giving a supersedeas bond. There the writ of error was made returnable to the same term of the court and there was no delay. So in Thompson v. Anderson, 82 Texas, 237, it was held, that a party, after taking an appeal and giving a cost bond, might abandon it and sue out a writ at any time within two years from the rendition of the judgment. In each of these cases the decision in Perez v. Garza is referred to and a distinction is expressly recognized. In Schonfield v. Turner, 6 S. W. Rep., 628, there was an appeal, which was abandoned and a writ of error was subsequently sued out. The appellant being a guardian, under the statute, the appeal was perfected and the judgment superseded by giving notice of appeal merely. The court refused to dismiss the writ on account of the failure to prosecute the appeal. In that case however the court say: "In Perez v. Garza, 52 Texas, 571, it is said that an affirmance upon certificate, when an appeal had been perfected, could not be prevented by abandoning the appeal, and suing out a writ

of error at a day too late for the return of the writ to the ensuing term of the Supreme Court. Under this decision, had the plaintiff below filed a certificate here at the last term, he could have obtained an affirmance without reference to the merits. The guardian could not have abandoned this appeal, so as to deprive the plaintiff of this right. But he did not claim an affirmance, and the abandonment has deprived him of no right whatever. The case stands as if no appeal had ever been taken, and, in such an event, the guardian is entitled to his writ of error. It has been the constant practice of this court, when appeals have been dismissed for want of prosecution, to entertain writs of error to the same judgment. This is precisely the case before us, and the motion cannot prevail on this ground." The court distinguished the case from Perez v. Garza and clearly recognize the principle, that the appellee was entitled to an affirmance upon certificate at the term to which the appeal was returnable and that it should have been granted, had he then demanded it.

Trent v. Rohmberg, 66 Texas, 249, was an original action upon an appeal bond, which had been given in a case in which the appeal had been abandoned. The court held, that an action lay upon the bond, and, evidently for the purpose of meeting an objection urged by counsel that the right to sue upon the bond was inconsistent with the conceded right of the appellant to sue out a writ of error, use this language: "The difficulties suggested by appellees' counsel as arising from the reversal of the judgment on writ of error, after an appeal has been dismissed, are more fanciful than real. The subsequent reversal of the judgment would only affect the extent, and not the fact, of the obligor's liability upon the appeal bond. There is ample power in the courts administering both law and equity to stay proceedings, or otherwise prevent unjust results. If on the writ of error the judgment should be affirmed, the rights of the two sets of sureties could be adjusted upon principles well established by adjudicated cases of a somewhat analogous nature."

Any seeming conflict in the cases cited is apparent and not real. The rule is deducible from them, that a party who desires to complain of a judgment of the trial court may appeal, abandon his appeal, and then sue out a writ of error, but that this privilege is subject to the right of the appellee to have the judgment affirmed on certificate. If he may do this we see no reason why, upon the suing out of one writ of error and its abandonment, another may not be prosecuted—subject to the same right of affirmance on part of defendant in error. Where an appeal or writ of error has been perfected and the transcript has not been filed in time, and no sufficient excuse for the failure to file has been given, the right to an affirmance upon the certificate at the term at which the transcript should have been filed becomes absolute. Rev. Stats., art. 1016.

It follows, from these conclusions, that in our opinion the first question should be answered in the affirmative and the second in the negative.