SAN ANTONIO & ARANSAS PASS RAILWAY COMPANY v. GEORGE R. RAY.

Decided October 26, 1898.

**Practice on Appeal—Affirmance on Certificate.**

Where an appeal or writ of error has been perfected and the transcript has not been filed in time, and no sufficient excuse for the failure to file it has been given, the right of the appellee to an affirmance on certificate at the term at which the transcript should have been filed becomes absolute. Rev. Stats., art. 1016.

APPEAL from Milam. Tried below before Hon. W. M. McGREGOR.

*Robson & Duncan,* for appellant.

*Henderson, Streetman & Freeman,* for appellee.

KEY, ASSOCIATE JUSTICE.—Judgment in this case was rendered in the court below on the 20th day of August, 1897. Motion for new trial was overruled, notice of appeal given, and appeal bond filed August 26, 1897. Not having filed the transcript in this court within the time prescribed by statute, appellant filed a motion attempting to excuse its delay, and asking leave to file the transcript. This motion, filed January 26, 1898, was overruled. Thereupon appellee filed a motion to affirm on certificate. This motion was overruled on account of a defect in the certificate.

On the 20th of May, 1898, appellee filed another motion for affirmance on certificate, accompanied by a proper certificate, showing that this court had jurisdiction of the appeal.

On the 27th day of November, 1897, the San Antonio & Aransas Pass Railway Company, the appellant in the appeal, filed in the court below a petition for writ of error, of which writ the plaintiff, appellee in the appeal, accepted service. Writ of error bond was filed the same day, November 27, 1897; but the transcript in the writ of error proceeding was not filed in this court until June 3, 1898, thirteen days after the plaintiff in the court below had filed his second motion for affirmance on certificate. This latter motion for affirmance on certificate was overruled by this court, because the defendant in the court below had perfected its writ of error and filed a transcript in this court at the time the motion was decided; and the case is now before us upon motion for rehearing as

to that ruling, and upon submission on the merits of the main case, subject to the motion for affirmance on certificate.

In the motion for rehearing our attention is for the first time directed to the case of Insurance Company v. Clancey, 91 Texas, 467. The doctrine announced in that case sustains the contention of the plaintiff in this case. We quote from the concluding part of the opinion as follows:

"Any seeming conflict in the cases cited is apparent and not real. The rule is deducible from them, that a party who desires to complain of a judgment of the trial court, may appeal, abandon his appeal, and then sue out a writ of error, but that this privilege is subject to the right of the appellee to have the judgment affirmed on certificate. If he may do this, we see no reason why, upon the suing out of one writ of error and its abandonment, another may not be prosecuted—subject to the same right of affirmance on part of defendant in error. Where an appeal or writ of error has been perfected and the transcript has not been filed in time, and no sufficient excuse for the failure to file has been given, the right to an affirmance upon the certificate at the term at which the transcript should have been filed becomes absolute. Rev. Stats., art. 1016."

The judgment of this court overruling the motion to affirm on certificate will be set aside, and the motion asking such affirmance will be granted and the judgment affirmed, without reference to the merits.

*Affirmed.*