### R. R. Newland v. John B. Slaughter

#### Decided October 25, 1902.

**School Land—Lease—Cancellation.**

The lease law of 1895 (Session Laws 1895, page 63) did not authorize the Commissioner of the General Land Office to cancel leases of school lands for any cause except those specified in the statute, and his action in canceling a lease upon mere request of the lessee, in order to re-lease to him for a longer term, was void. Following Ketner v. Rogan, 95 Texas, 559.

Appeal from the District Court of Glasscock County. Tried below before Hon. S. H. Morrison, Special Judge.

*Beall & Beall,* for appellant.

HUNTER, Associate Justice.—This suit was filed by the appellee, John B. Slaughter, against the appellant, R. R. Newland, in the District Court of Glasscock County to recover possession of sections 40 and 46 in block No. 33, township 4 south, Texas & Pacific Railway Company surveys of public school lands in said county. The defense was a plea of not guilty. The case was tried by the court without a jury upon an agreed statement of facts, and judgment was rendered for appellee Slaughter, and Newland appeals and assigns as error the conclusion of law, filed by the court, that the lease from the State for the two sections held by the appellee was valid, and that the court erred in

rendering judgment for appellee, because the lease upon which he claimed the right to possession was void.

The facts are in substance that the two sections lay in what is known as the absolute lease district. They had, prior to March, 1900, been duly classified as dry grazing land, and put upon the market by the Commissioner of the General Land Office at $1 per acre. On the 2d day of October, 1896, they, with other lands, were leased by the Commissioner to appellee, Slaughter, for a term of five years, ending on the 2d day of October, 1901. On the 23d day of March, 1900, upon application of the appellee, the lease was canceled by the Commissioner and surrendered, and a new lease was executed by the Commissioner to appellee, of date March 23, 1900, to run for ten years from date. The rentals as required by law on the new lease were paid, and it was recorded, and the law in every other respect was complied with, so that, if the Commissioner had the power to cancel said lease and, before the date of its expiration according to its terms, re-lease the land to appellee, it was valid, and the appellee was entitled to recover in this suit.

On the 22d day of November, 1901, the appellant owned and occupied section No. 22 in block 33 as a home, and the two sections in controversy were within a radius of five miles of his home section, and he was entitled to purchase same as additional grazing land, if they were unleased and on the market at the date of his application, which was duly made to the Commissioner on the 22d day of November, 1901, and the Commissioner should have awarded and sold the same to him, unless the new lease to appellee was valid.

The same question of law arising out of the foregoing facts came before our Supreme Court in the case of Ketner v. Rogan, 95 Texas, 559, 68 Southwestern Reporter, 774, and it was there held that the Commissioner had no power to cancel the lease before the date of its expiration, except for the reasons stated in the statute regulating such matters; that his act in doing so was void; that the new lease executed before the expiration of the old one was void; and that the lands remained on the market subject to sale. By the authority of that case, the judgment in this case is reversed and is here now rendered for the appellant.

*Reversed and rendered.*