MARGARET E. WELCH ET AL. *v.* V. WEISS.

No. 1490.   Decided November 27, 1905.

1.—Appeal—Affirmance on Certificate—Writ of Error.

Where an appeal has been perfected but appellant, without lawful excuse, but not with design or for the purpose of delay, has failed to file the transcript in time required by law. appellee is entitled to affirmance on certificate under Revised Statutes, article 1016, though the appellee has in the meantime perfected a writ of error and filed transcript therein.   (P. 359.)

Question certified from the Court of Civil Appeals for the First District, in an appeal from Jefferson County.

*Hardy & Hardy,* for appellant.—In Eppstein v. Holmes, 64 Texas, 560, it was held that a party after appealing on a cost bond might sue out a writ of error and supersede judgment by giving a supersedeas bond; there the writ of error was made returnable to the same term of court and there was no delay in the case at bar. The appellee was the victor in the court below and no supersedeas bond was applicable. So in Thompson v. Anderson, 82 Texas, 237, it was held that a party after taking an appeal and giving an appeal bond for costs, might abandon the appeal and sue out a writ of error at any time within two years from the rendition of the judgment. In each of these cases the decision in Perez v. Garza, 52 Texas, 574, is referred to, and a contention and differentiation between that case and these cases is expressly recognized.

We say, that the appellant in this case used diligence to have this record upon appeal originally in this court within the ninety days. They failed without any culpable fault upon their part.

Again: We say that such having been the case, then the appellants filed in this honorable court the record of the same case upon writ of error at the same term of this honorable court and within ample time wherein and whereby this record upon writ of error could be heard upon its merits and the appellee given every reserved right and every speedy action in court just as well and advantageously to him as he could have had upon the original record under the appeal if it had been filed in this court on the eighty-ninth day of the statutes. In other words: The defendant in this case has suffered no delay, much less serious deprivation of his rights whatsoever, by the filing of this transcript on writ of error in this cause. The record shows that there was no intentional abandonment of the appeal as an abandonment. The record shows that the writ of error was promptly sued out and that the transcript upon writ of error was filed in this court before the appellee had asked for affirmance of the judgment on certificate upon the appeal.

*Greer, Nall & Neblett,* for appellee.—The appellee or defendant in error contended in the Court of Civil Appeals, under article 1016 of the Revised Civil Statutes, they have a right to an affirmance on a certificate in this case. That the appellant, or plaintiff in error, can abandon his appeal and then sue out a writ of error, but this privilege is subject to the right of the appellee in the appeal case, to have the judgment of the lower court affirmed on certificate at any time during the first term of the Court of Civil Appeals, after the appeal is perfected and the pendency of the writ of error proceedings in the Court of Civil Appeals, at the time of the filing of the application to affirm on certificate, is no bar to the statutory right of affirmance. Rev. Stat., State of Texas, art. 1016. Barber v. Sabine & East Texas Ry. Co., 28 S. W. Rep., 270; Filhol v. Leon & H. Blum Land Company, 49 S. W., 669; Perez v. Garza, 52 Texas, 571; Davidson v. Ikard, 86 Texas, 67; Scottish

U. Insurance Company v. Clancey, 91 Texas, 467; Davis v. Estes, 4 Texas Civil Appeals, 207.

Instead of waiting until the court adjourned and if the appellee saw proper to waive his right to affirmance, then pursue such writ of error proceedings to the fall term of this court, unburdened with the right of appellee to affirm on certificate at any time, the appellants preferred to take their chances on perfecting their writ of error proceedings at the term at which the appeal should have been perfected, and they can not complain because the appellee has invoked his statutory right to affirm their first appeal on certificate. If the appellee moved to affirm on certificate before the court adjourned (which in this case he did do), then their right to an appeal by writ of error was lost, by their failure to perfect their first appeal. In the one case, the right of appeal is to appellants by their laches and they will not be heard to complain, and in the other, the right to an affirmance on certificate would be lost to appellants by their laches and they will not be heard to complain, Laughlin v. Dabney, 86 Texas, 120; Picket v. Mead, 25 S. W. Rep., 654, and authorities there cited.

GAINES, CHIEF JUSTICE.—This case comes to us upon a certified question. The statement and question certified are as follows:

"On the 12th day of July, 1904, in a suit in trespass to try title brought by appellants against appellee the district court rendered a judgment that the plaintiffs therein take nothing by the suit.

"From that judgment the plaintiffs duly perfected this appeal returnable to the last term of this court.

"They failed, however, to file the transcript in this court within the time prescribed by law, wherefore they presented a motion to file, setting up certain facts in excuse of the delay. This court at the last term held the excuse insufficient and refused to allow the filing of the transcript. That matter was finally disposed of at the last term of this court. The final order therein was entered December 21, 1904.

"The plaintiffs thereupon perfected a writ of error to this court and duly filed the record herein on May 6, 1905, and the cause was duly placed upon the docket of this court.

"On May 19, 1905, the appellee asked in due form that the judgment be affirmed on certificate because the appeal had been abandoned. This court, without knowledge of the pendency of the writ of error here, affirmed the judgment as requested.

"The appellee thereafter moved to dismiss the writ of error. The plaintiffs in error resisted the motion and also moved for rehearing in the matter of the affirmance on certificate. We were requested to consolidate the motions and hear them together, which we did. These motions were passed to this term and upon hearing the writ of error was dismissed and the judgment of affirmance allowed to stand. The views of this court were then for the first time embodied in a written opinion. (13 Texas Ct. Rep., 792).

"Appellants contend that our holding is in direct conflict with Anderson v. Waco State Bank, decided by the Court of Civil Appeals of the

Third District and reported in 47 S. W., 552, and for the reason ask that we certify the question.

"In this case we held that the appellants did not voluntarily abandon their appeal and while we held the reasons for failure to file the transcript insufficient, we were of opinion there was no fraud and no purpose to delay appellee. We concluded in effect, however, that in view of the case of Scottish U. Ins. Co. v. Clancey, 91 Texas, 467, it was immaterial whether the failure to file the transcript in time was through accident or design and that the character of the judgment appealed from was immaterial. That if for any reason the appellant having perfected his appeal lost the right to file his transcript in the appellate court the right of appellee to an affirmance on certificate became absolute if urged during the term to which the appeal was returnable.

"The case of Anderson v. Waco State Bank, supra, was decided after the decision of Clancey's case, supra, and is apparently in conflict with our construction of that opinion. In view of the rule announced in Sullivan v. Ins. Co., 89 Texas, 667, and McCurdy v. Connor, 95 Texas 246, we feel constrained to certify the question. We therefore respectfully ask:

"Did we err in holding, under the facts stated, that appellee was entitled to his affirmance on certificate?"

We answer that the Court of Civil Appeals did not err in its ruling. As grounds for our conclusion we need only to refer to the very satisfactory opinion of Chief Justice Gill, as reported in the 13th Texas Court Reporter on page 792 (40 Texas Civ. App..), which we adopt.