**McDONALD v. PRICE et al. (No. 2606.)**

(Court of Civil Appeals of Texas. Amarillo. Oct. 28, 1925.)

Appeal and error ⚖️ 1126—On voluntary abandonment of appeal and no good cause shown for not filing transcript in time, appellees' right to affirmance is absolute, and writ of error will not be allowed.

Where appellant voluntarily abandons his appeal, and shows no good excuse for not filing transcript in time, right of appellees to have judgment affirmed on certificate is absolute, and appellant cannot later move to file transcript and have case heard on writ of error.

Appeal from District Court, Deaf Smith County; Reese Tatum, Judge.

Action by P. W. Price and others against D. L. McDonald. Judgment for plaintiffs, and defendant appeals. On appellees' motion to affirm on certificate, and motion by appellant to file transcript and have case heard on writ of error. Motion to affirm granted, and motion to file transcript denied.

Carl Gilliland, of Hereford, for appellant. W. H. Russell, of Hereford, for appellees.

HALL, C. J. On the 23d day of May, 1925, the appellees recovered judgment against appellant in the district court of Deaf Smith county, and on June 9, 1925, appellant filed his supersedeas bond on appeal, which was approved by the clerk. The appellees filed their motion to affirm the judgment on certificate in this court on October 12, 1925, upon the ground that the transcript had not been filed here within 90 days from perfecting the appeal. The motion to affirm on certificate is met by the plaintiff in error with a motion to file his transcript and statement of facts in this court. This motion was filed October 27, 1925. No reason is shown why the transcript was not filed under the proceedings for appeal, but the motion does show that the term of the district court of Deaf Smith county ended on the 6th day of July, 1925, and that on September 28, 1925, McDonald, as plaintiff in error, filed his petition for writ of error with the clerk of the district court, and on the same day filed his writ of error bond, superseding the judgment, and insists that he had a right to abandon his appeal and to bring the case here by writ of error, and that it is the duty of the court to permit the transcript to be filed and to hear the case upon his writ of error proceedings. This question has been decided several times adversely to the plaintiff in error's contention. Where appellant voluntarily abandons his appeal and shows no good excuse for not filing the transcript in time, the right of appellee, or defendant in error, to have the judgment of the trial court affirmed on certificate is absolute. Davidson v. Ikard, 86 Tex. 67, 23 S. W. 379; Welch v. Weiss, 99 Tex. 356, 90 S. W. 160; Bird v. Lester (Tex. Civ. App.) 163 S. W. 658; R. S. 1925, art. 1841.

Appellees' motion to affirm on certificate is therefore granted, and the appellant's motion to be permitted to file the transcript in the writ of error proceedings is denied.