**TEMPLEMAN et al. v. MAAS. (No. 8956.)***

(Court of Civil Appeals of Texas. Galveston. July 1, 1926. Rehearing Denied July 24, 1926.)

Appeal and error ⬅1126—On failure to file transcript within legal time or to excuse such failure, appellee's right to affirmance on certificate is absolute, where motion is filed during term appeal is returnable, notwithstanding filing of transcript on writ of error.

Right of appellee to affirmance on certificate, when appellant has failed to file transcript within prescribed time, or failed to show valid excuse for failure to do so, is absolute, where motion is filed during term to which appeal is returnable, and is unaffected by suing out writ of error and filing transcript on such writ.

Appeal from District Court, Grimes County; Carl T. Harper, Judge.

Action by Sam J. Maas against Ward Templeman and others. Judgment for plaintiff, and defendants appeal. On motion to affirm on certificate. Motion granted.

S. W. Dean, of Navasota, and Boone & Savage, of Corpus Christi, for appellants.

Stewart, De Lange & Milheiser, of Houston, and T. P. Buffington, of Anderson, for appellee.

PLEASANTS, C. J. Appellee recovered a judgment against appellants in the district court of Grimes county on July 16, 1925, for the title and possession of a tract of land described in the judgment. A motion for new trial presented by appellants was overruled on the 23d day of July, 1925. Appellants gave notice of appeal, and in due time perfected their appeal to this court by filing a proper bond. No transcript having been filed in this court, appellee has filed a motion and certificate, asking that the judgment of the trial court be affirmed.

Appellants resist this motion on the following grounds:

"And now come the appellants in the above-entitled cause, and in answer to the motion for affirmance on certificate they show that they have filed their petition for writ of error, assignments of error, and bond to perfect the appeal by writ of error, as shown by certificate of the clerk of the district court of Grimes county, Tex., hereto attached. Appellants (plaintiffs in error) further show that they have endeavored to get a transcript to file in this cause in this court, and since the receipt of notice to affirm on certificate and at all times have been informed by the clerk that the attorneys for the appellee (defendant in error) have had the court papers, and that he was unable to complete transcript. , They further show that the transcript is partially completed, but they are unable to file at this time a complete transcript, for the reason that the clerk is unable to get hold of the court papers."

The petition for writ of error was filed in the court below on January 14, 1926. It is manifest from this answer that the delay in procuring the transcript, charged to be due to the failure of the clerk to obtain papers in the possession of appellee's attorneys, is the delay in filing the transcript on writ of error, and the answer does not attempt to excuse appellants' failure to file a transcript on their appeal within 90 days after the filing of their appeal bond. It is well settled by our decisions that the right of an appellee to an affirmance on certificate, when the appellant has failed to file a transcript within the time prescribed by the statute and shows no valid excuse for such failure, is an absolute right, and not affected by the suing out of a writ of error and filing a transcript on such writ, if the motion for affirmance is filed during the term of court to which the appeal is returnable. Welch v. Weiss, 99 Tex. 356, 90 S. W. 160; Golding v. Cull (Tex. Civ. App.) 158 S. W. 1152.

These decisions require that the motion to affirm on certificate be granted; and it has been so ordered.

Granted.