**CARDWELL v. BELL et al.**
Motion No. 9300; No. 7736.

Court of Civil Appeals of Texas. San Antonio.
Nov. 6, 1926.

FLY, Chief Justice.

Appellees, on October 4, 1926, filed their motion to affirm the judgment against appellant on certificate. Every requirement in the statutes in such cases has been complied with, and the facts have all been admitted in a motion denominated an "Answer to Appellees' Motion to Affirm on Certificate," which was filed on October 9, 1926. In that pleading appellant seeks to excuse his failure to file the transcript and statement on the ground that his attorney had been promised by the district clerk of Wilson county that he would file the record, but had failed to do so. After ascertaining this failure to file the record of appeal, appellant applied for a writ of error, and on August 30, 1926, filed his writ of error bond. In other words, appellant abandoned his appeal and sought to bring his cause up by writ of error.

Appellant had filed his appeal bond, and if for any good reason he had not filed his record in time he should have offered it for filing in this court and presented his excuse for failing to file in the time provided by statute. He did not follow that course, but simply abandoned his appeal and obtained a writ of error, and appellees applied for affirmance of the judgment on certificate. The affirmance was refused by this court at a former day of this term, but, in view of certain decisions of the Supreme Court, as well as of other Courts of Civil Appeals, we conclude the motion to affirm should have been granted. Scottish Union & National Ins. Co. v. Clancey, 91 Tex. 467, 44 S. W. 482; Welch v. Weiss, 99 Tex. 356, 90 S. W. 160; Id., 40 Tex. Civ. App. 257, 90 S. W. 160; Templeman v. Maas (Tex. Civ. App.) 286 S. W. 543, 544.

In the case last cited, Chief Justice Pleasants for the Galveston Court of Civil Appeals held: "It is well settled by our decisions that the right of an appellee to an affirmance on certificate, when the appellant has failed to file a transcript within the time prescribed by the statute and shows no valid excuse for such failure, is an absolute right, and not affected by the suing out of a writ of error and filing a transcript on such writ, if the motion for affirmance is filed dur-

ing the term of court to which the appeal is returnable."

Appellant herein has never presented to this court a record for filing on a showing that he had been prevented by circumstances over which he had no control from filing the record in time.

The former opinion is withdrawn, former judgment set aside, and the motion to affirm on certificate is granted.