### JEWELL v. ALBRECHT et al.
#### (Nos. 11858, 11872.)

Court of Civil Appeals of Texas. Fort Worth. June 25, 1927.

**1. Appeal and error ⬤�old1126—Affirmance on certificate is matter of right where no transcript on appeal is filed and no excuse shown, though writ of error is sued out and transcript thereon filed (Rev. St. 1925, art. 1841).**

An appellee is entitled to affirmance of the judgment on certificate in the Court of Civil Appeals, as a matter of absolute right, where an appeal bond is filed, but no transcript pursuant thereto is filed, and no valid excuse for the failure is shown, even though a writ of error is sued out and a transcript is filed thereon, under Rev. St. 1925, art. 1841, providing for affirmance on certificate, unless good cause is shown for failure to file transcript.

**2. Appeal and error ⬤➔1126—Judge's failure to file findings and conclusions held no excuse for not filing transcript on appeal and not to prevent affirmance on certificate (Rev. St. 1925, art. 1841).**

Motion to affirm on certificate for failure to file transcript on appeal in due time will be granted by Court of Civil Appeals, notwithstanding that the judge did not file findings of fact and conclusions of law within 10 days after adjournment of court, this not being a sufficient excuse, under Rev. St. 1925, art. 1841, providing for affirmance on certificate for failure to file transcript on appeal, as directed by statute, unless good cause is shown for the failure.

**3. Appeal and error ⬤➔1071(1)—Failure to file findings and conclusions is reversible where request therefor was timely and called to court's attention at trial term (Rev. St. 1925, art. 2247).**

Where a request for findings of fact and conclusions of law made in due time and called to the court's attention during the term at which the trial was had, the trial court's failure to file findings of fact and conclusions of law is ground for reversal of the judgment, under Rev. St. 1925, art. 2247, providing that when demand is made therefor the judge shall have 10 days after the adjournment of the trial term in which to prepare findings and conclusions in cases tried before the court.

**4. Mandamus ⬤➔4(1)—Mandamus is not available to appellant to compel court to file findings and conclusions (Rev. St. 1925, art. 2247).**

If the judge fails on demand to file findings of fact and conclusions of law within 10 days after adjournment of the trial term, as required by Rev. St. 1925, art. 2247, appellant's remedy is reversal of the judgment and not mandamus to compel judge to file findings and conclusions.

Appeal from District Court, Tarrant County; Bruce Young, Judge.

Suit by H. Veal Jewell against Fred W. Albrecht and others. Judgment was rendered for defendants, and plaintiff appeals and brings error. Defendants move for an affirmance on certificate and to dismiss the writ of error, and plaintiff prays leave to file transcript. Defendants' motions granted.

H. C. Wade and J. E. McGinness, both of Fort Worth, for appellant.

Hyer & Christian, of Fort Worth, for appellees.

BUCK, J. At a former day of this term, we overruled appellees' motion to affirm on certificate, and also their motion to dismiss the writ of error. We have concluded that we were in error in not granting the motion to affirm on certificate.

H. Veal Jewell sued Fred W. Albrecht, T. G. Churchill, and R. C. Veihl, alleged to be residents of Tarrant county, and John Le Page, alleged to be a resident of Dallas county. He alleged he had a contract in writing with the defendant Churchill to purchase a certain lot in Boaz addition to the city of Fort Worth, and that by the terms of the contract, Churchill agreed and covenanted that he would furnish plaintiff with an abstract of title showing a good and merchantable title in said Albrecht, but that upon the examination by his attorneys of said abstract of title it was found there were some defects in the title, which it would be necessary to resort to a suit to remove. That plaintiff's attorney estimated that it would cost $175 to bring this suit, and that plaintiff agreed to accept the title furnished and to reserve out of the purchase price the cost of the suit for the removal of the alleged defects. That plaintiff thereupon caused a general warranty deed from defendant Albrecht to him to be prepared and presented it to Albrecht for execution, but that Albrecht refused and failed to execute said warranty deed in accordance with his agreement and contract to so do. Plaintiff further alleged that he has always been and was at the time of the suit ready to perform his part of said contract. He further alleged that defendant Albrecht was able to furnish a good and sufficient title, subject to the above-mentioned agreement about cur-

---

ing the defect in the description, but that he failed and refused to execute the deed.

He further alleged that subsequent to making the said contract, and subsequent to the institution of this suit, Albrecht had attempted to defeat plaintiff's suit by deeding said property to Churchill, who in turn deeded it to R. C. Veihl, and said Veihl deeded it in turn to John Le Page. He alleged that said parties were fully informed of the existence of plaintiff's contract and had both actual and constructive notice thereof at the time said several deeds were made, and that none of said parties acquired any rights thereto superior to plaintiff's rights under said contract. He prayed for specific performance on the part of defendant Albrecht, and for the cancellation of the deeds from Albrecht to Churchill, from Churchill to Veihl, and from Veihl to John Le Page.

The defendants answered severally by a general demurrer and a general denial.

On September 10, 1926, a jury being waived, the cause was tried before the court and judgment was entered that plaintiff take nothing as against the defendants, or either of them. An appeal bond was filed October 9, 1926. The plaintiff did not attempt to file a transcript in this court within 90 days, but the appellees filed a certificate in this court on March 23, 1927, and asked for an affirmance. In reply to the motion of appellees for affirmance on certificate, appellant stated that the case was taken under advisement by the court and the court subsequently announced that he would render judgment for plaintiff as prayed for. "However, before this judgment was entered the court set the cause down for further argument, and on September 10, 1926, the court announced that the pleadings of the plaintiff were not sufficient to warrant granting the relief prayed for, and accordingly entered judgment for the defendants. Plaintiff gave notice of appeal and filed his appeal bond October 9, 1926. The judgment in this cause was rendered at the August, 1926, term of the Forty-Eighth district court of Tarrant county, Tex., and plaintiff requested the court to file findings of fact and conclusions of law, and later, to wit, on October 29, 1926, filed his request in writing for such findings of fact and conclusions of law. That said findings of fact and conclusions of law were not filed by the court within 10 days after the expiration of the August, 1926, term of said court, nor have they ever since been filed in said cause. That before the expiration of the time for filing in this court of the transcript, counsel for plaintiff again requested the court to file such findings of fact and conclusions of law and was then informed by said court that it would be necessary to have the shorthand reporter, who had reported said case, to transcribe his notes so that the judge could refresh his memory as to the evidence. That plaintiff thereupon ordered from said shorthand reporter a tran-

script of his notes in said cause, but the same was not delivered to him until after the time had expired for filing the transcript in this court. That thereafter on the 7th day of March, 1927, plaintiff filed in the district court his petition and bond in error, but that so far he has been unable to serve T. G. Churchill and John Le Page, although he has made diligent effort so to do. That appellant herein is desirous of having this case heard on its merits either on appeal or writ of error, and that he has done everything possible for him to do to that end. That no injury or injustice can result to appellees herein since this cause can be disposed of by this court on writ of error within the same time that it could have been reached had plaintiff elected to sue out a writ of error in the first instance." Plaintiff prayed that the motion of appellees for affirmance on certificate be denied and that the appellant be permitted to file in this court his transcript in said cause.

On May 5, 1927, plaintiff filed in this court a transcript, which included the pleadings of the parties, the request for the findings of fact, and conclusions of law, made on October 29, 1926, the petition for writ of error, filed March 7, 1927, and the writ of error bond, filed March 7, 1927.

The August term of the Forty-Eighth district court began on August 2, 1926, and ended on October 30, 1926. The bond appears to have been filed on the 29th day subsequent to the date of the entry of the judgment. Plaintiff in this case was a resident of the county where the suit was filed. The Forty-Eighth district court may by law continue more than eight weeks.

Appellees are entitled to an affirmance of the judgment below on certificate, pursuant to the provisions of article 1841 of the Revised Statutes of Texas 1925, which reads:

"Art. 1841. [1610] [1016] *Certificate of Affirmance.*—If the appellant or plaintiff in error shall fail to file a transcript of the record, as directed in this chapter, then the appellee or defendant in error may file with the clerk of said court a certificate of the clerk of the district or county court in which such appeal or writ of error may have been taken, attested by the seal of his court, stating the time when and how such appeal was perfected or such citation was served; whereupon the Court of Civil Appeals shall affirm the judgment of the court below, unless good cause can be shown why such transcript was not so filed. If a copy of the bond accompanies such certificate of the district or county clerk the judgment shall, in like manner, be affirmed against the sureties on such bond."

[1] It seems to be well settled by the decisions in this state that the right of an appellee to affirmance on certificate, when appellant has failed to file a transcript within the time prescribed by the statute and shows no valid excuse for such failure, is an absolute right and not affected by the suing out of

a writ of error and the filing of a transcript on such writ. The suing out of a writ of error and filing of the transcript does not deprive appellee of the right to an affirmance on certificate where an appeal bond has been filed, but no transcript filed in the Court of Civil Appeals pursuant to such appeal. In Davidson v. Ikard, 86 Tex. 67, 23 S. W. 379, plaintiff in error had perfected an appeal from the judgment rendered against him, but failed to file the transcript in the Court of Civil Appeals within the time prescribed by the statute. The appellee in that appeal then asked for affirmance of the judgment on certificate, which was objected to by the plaintiff in error on the ground that he had sued out a writ of error after his application to file transcript under his appeal was overruled, but the Court of Civil Appeals affirmed the judgment on certificate. This action of the Court of Civil Appeals was approved by the Supreme Court. The Supreme Court said:

"The affidavits filed by the respective parties must be presumed to have been considered and passed upon by the Court of Civil Appeals, and thereupon that court would have been fully authorized to find that the facts set up as an excuse for not filing the transcript in proper time had no existence.

"We must presume that such was the finding, and in that event the affirmance on certificate was correct, for appellant could not defeat the right to that by suing out a writ of error after he had failed to prosecute his appeal. Perez v. Garza, 52 Tex. 571; Thompson v. Anderson, 82 Tex. 238 [18 S. W. 153]."

In Templeman v. Maas, 286 S. W. 543, writ of error dismissed by the Supreme Court, in an opinion by Chief Justice Pleasants of the Court of Civil Appeals for the First District, it is said:

"It is well settled by our decisions that the right of an appellee to an affirmance on certificate, when the appellant has failed to file a transcript within the time prescribed by the statute and shows no valid excuse for such failure, is an absolute right, and not affected by the suing out of a writ of error and filing a transcript on such writ, if the motion for affirmance is filed during the term of court to which the appeal is returnable" (citing cases).

The case of Welch v. Weiss, 99 Tex. 356, 90 S. W. 160, was decided by the Supreme Court on certified questions. In the certificate, the Court of Civil Appeals for the First District said:

"We concluded in effect, however, that in view of the case of Ins. Company v. Clancey, 91 Tex. 467, 44 S. W. 482, it was immaterial whether the failure to file the transcript in time was through accident or design, and that the character of the judgment appealed from was immaterial. That, if for any reason the appellant, having perfected his appeal, lost the right to file his transcript in the appellate court, the right of appellee to an affirmance on certificate became absolute, if urged during the term of which the appeal was returnable."

The Supreme Court, in passing upon the question asked, said:

"We answer that the Court of Civil Appeals did not err in its ruling. As grounds for our conclusion we need only to refer to the very satisfactory opinion of Chief Justice Gill, as reported in the Thirteenth Texas Court Reporter on page 792 (40 Tex. Civ. App. [257, 90 S. W. 160]), which we adopt."

[2-4] The only excuse given by the appellant for not pursuing his appeal by filing a transcript in due time in this court was that the district judge, for certain stated reasons set out in the quotation above from the appellant's reply to appellees' motion, did not file his findings of fact and conclusions of law within 10 days after adjournment of court. We are of the opinion that such fact did not authorize the appellant to delay filing his transcript in this court, for, under article 2247 of the Revised Stats. of 1925, it has been held that where a request for the findings of fact and conclusions of law have been made in due time, and the trial court has failed to file the same, such failure is grounds for a reversal of the judgment, where the request is called to the attention of the court during the term at which the trial was had. That the remedy for the failure of the trial court to file, within 10 days after the adjournment of the court, his conclusions of fact and law, is not by mandamus to compel the filing of the conclusions, but that the appellant may take advantage of such failure on appeal. Wandry v. Williams, 103 Tex. 91, 124 S. W. 85. In this case Chief Justice Gaines said:

"The statute only requires that a request shall be filed that the judge shall make out his conclusions of fact and law. Hence without an order he has the power to file his conclusions in 10 days after the adjournment of the court. We conclude that the action of the trial judge in failing and refusing to file his conclusions of fact and law is subject to review by the Court of Civil Appeals and where it is found that he has not done so, the judgment ought to be reversed.

"In regard to the third question [as to whether upon the failure of the trial court to file his conclusions, mandamus may be resorted to], we fail to see how a mandamus would be applicable to the case. After 10 days have elapsed from the adjournment of the court, the power of the trial judge to file conclusions of fact and law ceases. We do not perceive how in so short a time a mandamus suit could be instituted and prosecuted to a recovery. Besides, the trial judge having 10 days after adjournment to file his conclusions, the party who has been cast in the suit may not know until the time has elapsed that he will not do so. So we think there is no remedy for the error except to reverse and remand the cause for a new trial."

See authorities cited under article 2247, vol. 7, Vernon's Ann. Tex. Civ. Statutes.

Therefore we conclude that we erred in not sustaining appellees' motion to affirm on certificate, and the judgment and order heretofore entered is set aside, and judgment here entered that the judgment below be affirmed on certificate.

Cause No. 11872, H. Veal Jewell v. Fred W. Albrecht et al., being an appeal by writ of error from the same judgment below, is herewith consolidated for the purpose of this opinion with this suit, and the judgment heretofore entered in that cause, refusing to dismiss the writ of error, is set aside and the writ of error is dismissed.