**WOODFIN et ux. v. HULEN. (No. 773.)**

Court of Civil Appeals of Texas. Waco. Jan. 17, 1929.

R. S. Ragsdale, of Burkburnett, for appellants.

J. E. & B. L. Bradley and Mr. & Mrs. C. S. Bradley, all of Groesbeck, for appellee.

BARCUS, J. Appellee has filed a motion to affirm the judgment of the trial court on certificate, because of the failure of appellants to file the transcript within the time provided by law. The cause was tried in the district court on June 25th. The court adjourned July 29th, and the appeal bond was approved and filed August 17, 1928. After the motion to affirm on certificate was filed in this court, appellants, on November 19th, in the trial court, filed a petition for writ of error, together with a bond, and have prepared the record and tendered same for filing, attempting thereby to perfect their. appeal in this cause by writ of error. In reply to appellee's motion to affirm on certificate, appellants, on December 4, 1928, tendered in this court the transcript prepared November 28, 1928, by which they are attempting to bring the case to this court on appeal by writ of error. On December 31, 1928, appellants tendered in this court a statement of facts prepared by the stenographer on November 28th, and approved by the trial judge on December 21st, with the statement on the part of the trial court that he did not authorize

same to be filed because appellants had not made any showing why the statement of facts had not been prepared in the manner and time required by law to have had same filed within the time provided by law. Appellants have filed their motion in this court asking that the transcript be first considered as a supplement to the transcript filed by appellee on his motion to affirm, thereby perfecting their appeal; and, second, they ask that said transcript be filed in its entirety as perfecting their appeal by writ of error.· They further asked that this court authorize the clerk to file as part of the record the statement of facts which the trial court refused to order filed in the trial court.

■ The rule seems to be well settled that a party who has perfected his appeal by giving an appeal bond cannot thereafter abandon same and take the record to the appellate court for review on a writ of error, and thereby defeat appellee's right to have the judgment of the trial court affirmed on certificate because of the failure of appellant to file the record on the appeal as originally perfected. Welch v. Weiss, 99 Tex. 356, 90 S. W. 160; Jewell v. Albrecht (Tex. Civ. App.) 297 S. W. 506, and authorities there cited.

■■ Under the provisions of article 1841 of the Revised Statutes, where appellee has filed a motion to affirm on certificate, same is required to be granted unless good cause is shown why such transcript was not filed within the time required by law. ·Appellants do not attempt to give any excuse why they did not file the transcript in this court within the time provided by law. They do state that, at the time the judgment was rendered by the trial court on June 26, 1928, they asked the court stenographer to prepare a statement of facts, and he informed counsel for appellants that he could not prepare the same before August. There is nothing in the record to show that appellants requested the stenographer to prepare the statement of facts in August, or that they wrote him at any time thereafter with reference to preparing the statement of facts. Neither is there any indication in the record that appellants at any time requested the county clerk to prepare a transcript, or that they did any act or took any steps toward having the transcript or statement of facts filed in this court within the time required by law. The statement of facts tendered is only 65 pages and the transcript contains only 24 pages. As we construe article 1841 of the statutes, before we are authorized to permit the transcript to be filed after the time provided by law, appellants must show some good cause why it was not filed within time. We do not think appellants have shown any good cause for not having filed the transcript within the time permitted by law. We think under the plain provisions of the statute appellee is entitled

to have the judgment of the trial court affirmed on certificate.

We therefore grant appellee's motion to affirm on certificate, and overrule appellants' motion for permission to file the transcript. We further overrule appellants' motion for permission to file the record on their petition for writ of error.