## McAFEE v. CORSICANA NAT. BANK.
### No. 964.

Court of Civil Appeals of Texas.  Waco.
June 5, 1930.

Rehearing Denied July 3, 1930.

818

Callicutt & Upchurch, of Corsicana, for appellant.

Richard & A. P. Mays, of Corsicana, for appellee.

BARCUS, J.

A judgment was rendered by the trial court in this cause on December 4, 1929. Motion for new trial was overruled December 28, 1929. Appellant filed his appeal bond January 15, 1930. On April 29, 1930, appellee filed its motion in this court asking that the judgment of the trial court be affirmed on certificate because appellant had failed to file the transcript and statement of facts in the time required by law.

In reply to said motion, appellant, on May 15, 1930, filed his motion, accompanied with the transcript and statement of facts, asking that same be filed in this court and that appellee's motion to affirm on certificate be overruled. Appellant's only excuse for having failed to file the record within the time prescribed by law is that some time in March, the date not given, Mr. Upchurch, one of his attorneys, was called unexpectedly to New York City on business, where he was detained for about seven weeks. No reason is given by appellant why the record was not filed in the appellate court in March before Mr. Upchurch went to New York. Mr. A. P. Mays, of counsel for appellee, states in the affidavit attached to the answer in appellee's reply to appellant's application to file the record, that Mr. Upchurch was in Corsicana after the 14th of March, 1930. He further states that, a few days before the time allowed by law had expired for filing the record in the appellate court, he personally talked to Mr. J. S. Simpkins, one of appellant's counsel, and called his attention to the fact that the time allowed by law for filing the record in the appellate court was about to expire. The clerk of the trial court makes an affidavit, which is attached to appellee's reply to appellant's motion to file the record, that the transcript was prepared and ready to be delivered to appellant on the 11th of February. The statement of facts tendered by appellant shows that same was prepared by the court reporter on March 6th. The trial judge certified the statement of facts was presented to and approved by him on May 10, 1930, but he did not authorize same to be filed in the trial court. It does not appear that any effort was made by any of appellant's counsel to have the record filed in the appellate court within the time allowed by law.

A case similar in many respects to this was presented to this court in Woodfin v. Hulen, 13 S.W.(2d) 390, and this court refused to permit the transcript and statement of facts to be filed. Clearly, under the provisions of article 1841 of the Revised Statutes, appel-

lee is entitled to have the judgment of the trial court affirmed on certificate, unless good cause is shown by appellant why he did not file the transcript in this court within the time provided by law.

We do not think appellant has shown any good cause for not having filed the record in this court within the time prescribed by law, and for said reason appellant's motion to file the transcript and statement of facts is overruled. Appellee's motion to affirm on certificate is granted.