## YOUNG'S BUS LINES v. GILES et al.

### Nos. 2060, 2064.

Court of Civil Appeals of Texas. Beaumont. Nov. 12, 1930.

· Rehearing Denied Dec. 3, 1930.

D. A. Frank, of Dallas, for plaintiff in error.

Howth, Adams & Hart, Orgain, Carroll & Bell, and Ewill Strong, Jr., all of Beaumont, for defendants in error.

O'QUINN, J.

Fred Giles sued Young's Bus Lines, a corporation, and Mrs. Baker and her husband, in the district court of Jefferson county, for damages growing out of a collision between a bus of the defendant Young's Bus Lines, on which he was a passenger, and an automobile driven by Mrs. Baker. Giles dismissed his suit against the Bakers and proceeded against Young's Bus Lines. Young's Bus Lines filed a cross-action against Mrs. Baker, and Mrs. Baker filed a cross-action against Young's Bus Lines. The case was tried to a jury upon special issues, and upon their answers judgment was rendered in favor of Fred Giles against Young's Bus Lines for $1,000, and in favor of Mrs. Baker

against Young's Bus Lines for $500, and Young's Bus Lines was denied a recovery against Mrs. Baker. The judgment was rendered April 24, 1930. Motion for a new trial was overruled May 30, 1930, to which the defendant Young's Bus Lines duly excepted and gave notice of appeal to the Court of Civil Appeals of the Ninth Supreme Judicial District at Beaumont, and ninety days were allowed to file its bills of exception and statement of facts. On June 20, 1930, Young's Bus Lines duly perfected its appeal by filing and having approved its appeal bond in the trial court. The clerk of the court prepared and delivered to appellant Young's Bus Lines a transcript in the case, which was presented to the clerk of the Ninth Court of Civil Appeals on September 19, 1930, but the clerk declined to file same because not presented for filing within ninety days after the appeal was perfected. Appellant then withdrew or took away its said transcript. No transcript having been filed in the Court of Civil Appeals within the time allowed by law (ninety days) on September 27, 1930, Fred Giles and Mrs. Baker and her husband filed in this court their motion to have said judgment affirmed on certificate. In connection with said motion they filed a proper transcript. On September 20, 1930, Young's Bus Lines filed in the trial court its petition for writ of error and writ of error bond, and on October 6, 1930, filed in the Court of Civil Appeals a transcript and statement of facts as per appeal by writ of error, and on October 13, 1930, filed its motion to dismiss its appeal perfected by the filing of its appeal bond of date June 20, 1930, for the purpose of having its appeal considered on its writ of error. On October 6, 1930, Giles and the Bakers filed their motion to dismiss the writ of error. All these motions are before us.

On this state of the case, under article 1841, R. S., the motion to affirm on certificate must be granted and the judgment so affirmed. It is true that the petition for writ of error and the writ of error bond were filed in the trial court before the motion herein was filed for affirmance on certificate, but the motion to affirm was filed after the expiration of the time allowed by law (ninety days) in which to file the transcript, and before the term of the court to which the appeal was taken had expired, and before the transcript on writ of error had been filed in this court. It is well settled that a perfected appeal cannot be abandoned and a writ of error sued out after the lapse of the time for filing the transcript so as to prevent affirmance on certificate. In other words, the right of an appellant to sue out a writ of error, after abandoning an appeal, is subject to the appellee's right to an affirmance upon certificate of the original appeal upon motion therefor. And this is true even

though the transcript of the writ of error proceedings be filed in the appellate court before the filing of the motion to affirm the appeal on certificate. Welch v. Weiss, 99 Tex. 356, 90 S. W. 160; Davidson v. Ikard, 86 Tex. 67, 23 S. W. 379; Blackman v. Harry (Tex. Civ. App.) 45 S. W. 610 (writ refused); City of San Antonio v. Smith, 27 Tex. Civ. App. 327, 65 S. W. 41 (writ refused); San Antonio & A. P. Railway v. Ray, 19 Tex. Civ. App. 416, 47 S. W. 477; Erwin v. Erwin (Tex. Civ. App.) 70 S. W. 102; Chambers v. Grisham (Tex. Civ. App.) 155 S. W. 959; Golding v. Cull (Tex. Civ. App.) 158 S. W. 1152; Bird v. Lester (Tex. Civ. App) 163 S. W. 658; Texas Portland Cement Co. v. Lumparoff (Tex. Civ. App.) 204 S. W. 366; Templeman v. Maas (Tex. Civ. App.) 286 S. W. 543; Jewell v. Albrecht (Tex. Civ. App.) 297 S. W. 506.

It follows that the motion to affirm on certificate should be granted and the judgment so affirmed, and that the motion to dismiss appellant's writ of error should be sustained, and it is so ordered.

Judgment affirmed on certificate, and writ of error dismissed.