## MID–CONTINENT LIFE INS. CO. v. WHITE.

### No. 3981.

Court of Civil Appeals of Texas. Amarillo. Oct. 19, 1932.

Rehearing Denied Nov. 23, 1932.

Rittenhouse, Webster & Rittenhouse, of Oklahoma City, Okl., and J. M. Marshall, of Lubbock, for plaintiff in error.

Levens, McWhorter & Howard, of Lubbock, for defendant in error.

PER CURIAM.

This suit originated in the Ninety-Ninth district court of Lubbock county and the action is based upon a life insurance policy. The case was submitted to a jury upon special issues, and resulted in a judgment in favor of White for $2,090.78.

240

■ The order overruling appellant's motion for new trial was entered the 24th day of June, 1932. A supersedeas bond was filed July 13, 1932, but the transcript was not filed in this court within sixty days from June 24th. The appellant filed its petition for writ of error and bond in the trial court on September 19, 1932, which constituted an abandonment of its appeal, even if the time had not expired in which the record should have been filed in this court. On September 26th, the appellee filed motion to affirm on certificate, and on October 1st filed a motion to dismiss the writ of error proceedings.

■ The appellant insists that, because its writ of error proceeding was filed in the trial court before the motion to affirm on certificate was filed in this court, we erred in affirming the judgment and in dismissing the writ of error.

There is some conflict between the decisions of the Courts of Civil Appeals with reference to a situation of this kind, but the rights of the parties are stated in 3 Texas Jurisprudence, §§ 18 and 533.

In section 18 it is stated: "The right of a party to abandon an appeal or proceeding in error and then sue out writ of error is subject to the limitation that he may not resort to both methods of appeal for delay only and to the right of the appellee to have the judgment affirmed on certificate if the transcript was not filed within the time prescribed by statute and the motion is timely. When appeal is perfected by filing a supersedeas appeal bond, the appellant cannot thereafter defeat the appellee's right to an affirmance on certificate by abandoning his appeal and prosecuting a writ of error to the same term after time for filing the appeal had expired."

In section 533 the rule is stated thus: "An appellee is not entitled to an affirmance when the appellant abandons his appeal and sues out a writ of error if the transcript in the writ of error proceedings is filed within ninety days" [60 days] "allowed by law for filing a transcript on appeal. But the right of an appellant to abandon his appeal and sue out a writ of error, or of a plaintiff in error to abandon his writ of error and sue out another one, is subject to the right of the appellee to have the judgment affirmed on certificate. If the transcript on an appeal is not filed in time the right to an affirmance is not affected by the fact that the appellant intends to take the case to the appellate court by writ of error, nor by the fact that he subsequently sues out a writ of error and files a transcript thereon."

The texts just quoted are supported by Welch v. Weiss, 99 Tex. 356, 90 S. W. 160; Scottish Union & Nat. Ins. Co. v. Clancey, 91 Tex. 467, 44 S. W. 482; Davidson v. Ikard, 86 Tex. 67, 23 S. W. 379; Perez v. Garza, 52 Tex. 571; Wandelohr v. Grayson County National Bank (Tex. Civ. App.) 90 S. W. 180; Ward v. Scarborough (Tex. Com. App.) 236 S. W. 441; and numerous decisions by the Courts of Civil Appeals which have been approved.

Appellant has filed motions for rehearing on both our orders affirming the judgment of the lower court on certificate and dismissing the writ of error.

For the reasons stated above, both motions for rehearing are overruled.