## JARRELL et al. v. FARMERS' & MERCHANTS' STATE BOND BANK OF POTH, TEX.

### No. 9169.

Court of Civil Appeals of Texas. San Antonio.

July 28, 1933.

Rehearing Denied Sept. 29, 1933.

L. B. Wiseman, of Floresville, and Henry, Bickett, & Bickett, of San Antonio, for plaintiffs in error.

S. B. Carr, of Floresville, and Hull & Oliver, of San Antonio, for defendant in error.

MORRISS, Special Chief Justice.

Suit on note and to foreclose lien on collaterals. The court below gave judgment December 3, 1932, for plaintiff below. Notice of appeal was given; and on December 23, 1932, plaintiffs in error gave appropriate cost bond for appeal. They failed to follow up the appeal thus perfected by filing the record in this court, but, on the contrary, abandoned it, and instead proceeded by writ of error, filing petition and bond in the lower court February 11, 1933 (citation served same day), and by filing transcript (but no statement of facts) in this court February 13, 1933.

On March 29, 1933, defendant in error moved to affirm on certificate, and on April 12, 1933, to dismiss the writ. On May 18, 1933, plaintiffs in error moved for leave to file statement of facts. Plaintiffs in error have never offered any excuse for their failure to file the transcript within the time prescribed by law, nor did they ask leave for extension of that time.

The contention urged by the motions of defendant in error is that, under article 1841, R. S., the writ of error proceeding is unavailing, and must be dismissed, because affirmance must be granted for failure to follow up the perfected appeal, notwithstanding the taking of all requisite steps for bringing the case to this court by writ of error. We have concluded that we must sustain this contention.

Were we at liberty to exercise a discretion, our dispositions might lead us to a contrary conclusion. But we think our situation exactly similar to that of the Galveston court in the case of Welch v. Weiss, 99 Tex. 356, 90 S. W. 160, 162, infra, wherein Judge Gill, for that court, said: " * * * In view of the language of Judge Gaines in summing up the views of the Supreme Court in Clancey's Case [91 Tex. 467, 44 S. W. 482], supra, we have concluded the question is not an open one and that we have no discretion in the matter, but must apply the absolute terms of article 1016 [now 1841]."

The rule appears to be well settled, and, with few sporadic exceptions, now understood and adhered to by all our courts, that, while one may abandon his appeal once perfected, and in lieu thereof sue out writ of error, yet if the appellee, at the term to which the appeal is returnable, file motion to affirm, the right to affirmance is absolute and must be granted; and this notwithstanding the opposing party may have perfected and filed in the appellate court his writ of error record before filing of the motion for affirmance. The prior regular filing of the transcript on writ of error does not preclude the appellee in the abandoned appeal from having his motion to affirm on certificate granted, if filed at the return term; and the affirmance carries with it, by force of necessity, the dismissal of

the proceeding in error 3 Tex. Jur. §§ 18 and 533, pp. 58 and 744. This is literally the holding in Welch v. Weiss, 99 Tex. 356, 358, 90 S. W. 160, 162, and Scottish Union & National Ins. Co. v. Clancey, 91 Tex. 467, 44 S. W. 482.

In the Welch-Weiss Case, 99 Tex. 356, 90 S. W. 160, 162, the Galveston court first thought, "because the delay which the statute was designed to prevent was not present, * * * and there was no bad faith, and because further the writ of error had been perfected * * * before the application for affirmance was filed, * * * " it might obviate application of article 1016 (now article 1841). But on mature consideration of the holdings of the Supreme Court in the cases of Thompson v. Anderson, 82 Tex. 237, 18 S. W. 153, Davidson v. Ikard, 86 Tex. 67, 23 S. W. 379, and Ins. Co. v. Clancey, supra, that able court was constrained to conclude, and so held, that, in whatsoever state of case (the appellee having filed his motion for affirmance within the return term), such motion must prevail. The question whether such was the correct construction of the statute, and of the decisions of the Supreme Court, having been later certified, the latter court so expressly held, paying to the able writer of that opinion the high compliment of adopting it as that of the Supreme Court, and as "satisfactory," and declining to extend, elaborate, or modify it.

The rule thus announced has been adhered to by this court in the following, among other, cases: Cardwell v. Bell, 59 S.W.(2d) 419; Erwin v. Erwin (Tex. Civ. App.) 70 S. W. 102; City of San Antonio v. Smith, 27 Tex. Civ. App. 327, 65 S. W. 41; and by the various other Courts of Civil Appeals in Mid-Continent Life Ins. Co. v. White, 54 S.W.(2d) 239; Walker v. Lyles, 45 S.W.(2d) 315; Temple v. Moores, 45 S.W.(2d) 340; Blackman v. Harry (Tex. Civ. App.) 45 S. W. 610; Young's Bus Lines v. Giles, 32 S.W.(2d) 879; McAfee v. Bank, 29 S.W.(2d) 817; Woodfin v. Hulen, 13 S.W.(2d) 390; Jewell v. Albrecht, 297 S. W. 506; Templeman v. Maas, 286 S. W. 543; McDonald v. Price, 276 S. W. 955; Chambers v. Grisham, 155 S. W. 959; Wandelohr v. Grayson Bank, 90 S. W. 180; San Antonio & A. P. R. Co. v. Ray, 19 Tex. Civ. App. 416, 47 S. W. 477; Bird v. Lester, 163 S. W. 658; Texas Portland Cement Co. v. Lumparoff, 204 S. W. 366; Golding v. Cull, 158 S. W. 1152; Snelling v. Trust Co., 288 S. W. 241.

We are thus impelled to hold that the motions to affirm on certificate and to dismiss the writ of error should be granted, and it will be so ordered.

We have written thus at length in view of what may be supposed to be contrary views expressed in the decisions cited by plaintiffs in error (Harding v. City of Raymondville (Tex. Com. App.) 58 S.W.(2d) 55; Reef v.

Hamblen (Tex. Civ. App.) 47 S.W.(2d) 375), in the hope that this important rule of appellate procedure may be the more clearly understood.

The motion of defendant in error to affirm on certificate and to dismiss writ of error are granted, and the judgment will be affirmed accordingly.