**REED v. STATE, for Benefit of Martin County.**

No. 2736.

Court of Civil Appeals of Texas. El Paso. Dec. 1, 1932.

Woodward & Coffee, of Big Spring, for plaintiff in error.

R. W. Hamilton, of Stanton, for defendant in error.

PELPHREY, C. J.

Plaintiff in error was the county attorney of Martin county from January 5, 1927, to November 13, 1929, and while so acting executed three separate bonds. This suit was filed by the state of Texas, for the benefit of Martin county, seeking to recover from plaintiff in error and the sureties on his several bonds the sum of $811.70, alleged to be the balance due said Martin county on fines and trial fees collected by plaintiff in error during his tenure of office.

It appears that Jim Tom and W. A. Kaderli were sureties on the first bond executed by plaintiff in error, while Globe Indemnity Company was the surety on the latter two.

The case was submitted to a jury on special issues, and it found:

(1) That plaintiff in error, from October 10, 1927, to January 2, 1929, collected $202.93 for fines obtained in judgments rendered in the county court of Martin county, which he had not paid to the county treasurer; (2) that he had collected a like amount for trial fees during that period which he had not paid over; (3) that from January 2, 1929, to November 13, 1929, he had collected $202.93 for fines and a like amount for trial fees, which he had not paid to the county treasurer.

Upon these findings the court rendered judgment against plaintiff in error and Globe Indemnity Company, jointly and severally, for $811.70, and that defendant in error take nothing against Jim Tom and W. A. Kaderli, the sureties on the first bond.

From that judgment Allen Reed alone has prosecuted a writ of error.

Defendant in error has filed no brief, but has filed a motion to strike the transcript and statement of facts from the record and to dismiss the appeal on the ground that the transcript and statement of facts were filed too late.

It appears that judgment was rendered November 12, 1931; that on December 9,

1931, plaintiff in error filed his petition for writ of error; that his appeal bond was filed on December 12, 1931; that on March 4, 1932, plaintiff in error filed another petition for writ of error, and on the same day filed another appeal bond; and that on April 18, 1932, the transcript and statement of facts were filed in this court.

Under the holding of our Supreme Court in Scottish Union & National Insurance Company v. Clancey, 91 Tex. 467, 44 S. W. 482, the right of plaintiff in error to abandon his first writ of error and prosecute another was upheld. The motion cannot therefore be sustained.

Defendant in error's petition contains the following allegations:

"That the defendant, Allen Reed, was County Attorney and acted as County Attorney of Martin County, Texas, from January 5th, A. D. 1927, until November 13th, A. D. 1929, during which time the State of Texas procured judgments in following numbered and styled cases in the County Court of Martin County, Texas, on the respective dates and in the respective amounts as indicated here following: (here follows a list of case numbers, with the style thereof, dates at which judgments were rendered and the amounts of judgments.)

"That on or about the respective dates when the above and foregoing judgments were procured, defendant Allen Reed collected the fine in each of the said cases, the total amount of all fines so collected being $1,286.00. In addition thereto said defendant, Allen Reed, collected a trial fee of $5.00 for each of said cases as part of the costs in each of said cases, as the law provides, totalling $670.00. That each of the above fines were due and payable to the Martin County Treasurer within 30 days from date of collection, less 20% properly deductable as commission for the County Attorney, the county clerk, and County Sheriff, the County Attorney being allowed 10% on fines collected, and the clerk and the sheriff each being allowed 5% of the fines collected. That the trial fee of $5.00 collected as aforesaid by the defendant Allen Reed in each of the above cases was due and payable to the Martin County Treasurer of Martin County, Texas, within 30 days after date of collection. That the total amount of fines collected by the defendant Allen Reed during said period from January 5th, A. D. 1927, to November 13th, A. D. 1929, less the said 20% commissions, is $1,028.80. That during the said period of January 5th, A. D. 1927, to November 13th, A. D. 1929, defendant Allen Reed became liable and due to pay to the Treasurer of Martin County, Texas, the sum of $1,698.80 by reason of the several amounts of money above mentioned coming into his hands as County Attorney of Martin County, Texas. That of said amount due Martin County defendant Allen Reed at various times during the said period of his tenure of office, turned in, to the Martin County Treasurer, $887.10, leaving a balance due Allen Reed of $811.70, on November 13th, A. D. 1929, at which time the defendant Allen Reed resigned the office of County Attorney of Martin County, Texas. * * *

"That in each of the above styled and numbered cases, the County Judge entered a judgment upon the Judge's Criminal Docket, specifying therein the amount of the fine assessed to the defendant, and to each of which judgments the County Judge affixed his signature. That the defendant Allen Reed fraudulently concealed the true amount of money collected by him for Martin County, by erasing the amounts of fines originally entered upon the judge's Criminal Docket as aforesaid, and by making false entries of lesser amounts, all of which was done over the County Judge's signature and without his knowledge or consent. * * * "

Plaintiff in error now complains of the trial court's refusal to sustain his general demurrer to the petition, contending that, there being no duty to collect judgments in criminal cases imposed by law upon the county attorney, each judgment collected by him and not paid over by him to the county treasurer constitutes a separate obligation and cause of action; that the petition alleging the collection by plaintiff in error of a number of judgments, the payment by him to the treasurer of a certain amount on account thereof is equivalent to alleging that plaintiff in error is indebted to Martin county in the sum prayed for, and such allegations are insufficient to show any liability on his part on any particular judgment; and that, there being no allegations in the petition that judgments for costs and trial fees were rendered in the cases enumerated, no right of action for costs or trial fees is shown thereby, and, excluding the amount of trial fees sought to be recovered, the amount involved is less than $500 and the petition subject to general demurrer.

The first two contentions are evidently based upon the theory that plaintiff in error was not charged with the duty of collecting judgments in criminal cases, and therefore that, before a recovery could be had, it would be necessary to allege and prove that each particular judgment had been collected by him and not paid into the treasury.

Article 783 of the Code of Criminal Procedure reads: "When the defendant is only fined the judgment shall be that the State of Texas recover of the defendant the amount of such fine and all costs of the prosecution, and that the defendant, if present, be committed to jail until such fine and costs are paid; or if the defendant be not present, that a capias forthwith issue, commanding the sheriff to arrest the defendant and commit him to

jail until such fine and costs are paid; also, that execution may issue against the property of such defendant for the amount of such fine and costs."

Article 785, C. C. P., provides that, when a judgment against a defendant is for a fine and costs, he shall be discharged from the same when he pays the full amount thereof, when the judgment is remitted by the proper authority, or when he has remained in custody the time required by law to satisfy the judgment.

Article 787, C. C. P., further provides that, when a judgment has been rendered against a defendant for a pecuniary fine, if he is present, he shall be imprisoned in jail until discharged according to law, and that a certified copy of the judgment shall be sufficient authority for his imprisonment.

It will be seen from the above that a defendant may escape imprisonment and the issuance of an execution against his property by paying the judgment in full; but these statutes are silent as to whose duty it is to collect the judgment or accept the money.

In articles 944, 945, and 946, of the same Code, are found provisions requiring all officers charged by law with collecting money in the name or for the use of the state to make sworn written reports to the district courts of their several counties on the first day of each term, and similar reports to the commissioners' court for each county at each regular term of all moneys collected for the county.

The officers coming within the provisions of those articles are declared by article 947 to be district and county attorneys, clerks of the district and county courts, sheriffs, constables, and justices of the peace.

In McLennan County v. Boggess et al., 104 Tex. 311, 137 S. W. 346, 347, the Supreme Court said: "With regard to the collection of fines, forfeitures, or money due the state or county, while article 1013 [now article 947], Code of Criminal Procedure, charges justices of the peace with the duty of collecting money, within the meaning of articles 1010, 1011, and 1012 [now articles 944, 945, and 946] of the Code of Criminal Procedure, which relate to the collection of money in the name of the state, and the report thereof to the respective district courts of their several counties, and of money collected for the county to the commissioners' court for each county, and prescribing the nature of such report, it is clear that the exercise of such duty of collection means only their authority to receive the money from the person adjudged to pay, or from the officer by whom it is in fact collected, and pay over to the proper source."

■ From the above statutes and holding, it appears that a county attorney is authorized to receive payment of judgments such as are here involved, and is charged with the duty of making reports as to such collections and paying same over to the proper officer.

■ If this be true, then all that would be required of the state in order to recover from him would be to allege and prove that he had collected certain amounts and that the amount accounted for by him was less than the sum of such amounts collected.

It is further alleged in the petition that plaintiff in error collected a trial fee of $5 in each of the cases enumerated. Our statutes require that in all convictions in misdemeanor cases judgment shall be for the amount of the fine and for costs.

■ This being true, then, as against a general demurrer, we think the allegation sufficient to show that the judgments which it is alleged plaintiff in error collected included costs as well as fines.

The amount sought to be recovered was within the jurisdiction of the district court, and plaintiff in error's proposition that the trial fees should be excluded from the amount in controversy on the theory that the allegations were insufficient to show that they were included in the judgments which it is alleged plaintiff in error collected, thereby leaving the amount in controversy below the jurisdiction of the district court, must be overruled.

Plaintiff in error also contends that he was entitled to an instructed verdict because of the failure of the evidence to show that valid judgments were rendered either for a fine or costs in the cases alleged, or that he had collected such judgments and failed to turn the fines and trial fees into the treasurer.

With the contention that the evidence fails to show that plaintiff in error collected the fines and trial fees in all the cases alleged, we must agree.

Plaintiff in error admitted that he had collected some of the judgments, and there was an attempt on the part of defendant in error to show that other officers had not collected judgments in the county court during plaintiff in error's tenure of office. The sheriffs who served with him were interrogated on this point, but we find their testimony quite unsatisfactory.

The witness Zimmerman, who served as sheriff during part of the time that plaintiff in error was county attorney, testified:

"Q. During the period in which you were sheriff of Martin County and Allen Reed was County Attorney, did you collect any of the fines from the criminal docket of the criminal court? Did you collect any fines from the county court? A. I expect I did.

"Q. Did you make a report of it to the County? What did you do with it when you collected it? A. We generally turned it over to the County Attorney.

"Q. Do you know of any one you didn't turn over to him and reported direct? A. I don't know that I could say, Mr. Thomas. That got to be a habit, more so after Mr. Hamilton was in there. I would turn it over to Mr. Reed. I might not have done it every time."

Under the provisions of the statutes heretofore quoted and referred to, we are of the opinion that the county clerk was also authorized to collect the judgments here sued upon, and yet there is no showing here that he did not do so.

■ Defendant in error in its petition alleged that plaintiff in error had accounted for certain moneys collected by him, and, there being evidence that Mr. Zimmerman might have collected some of the judgments and reported directly for them, and there being no evidence that the county clerk did not collect any of them, we have concluded that from the record before us the evidence fails to show that plaintiff in error had collected more than he had accounted for.

The evidence not being fully developed, the judgment of the trial court must be reversed, and the cause remanded; the reversal of the judgment, however, not to affect the judgment in favor of Jim Tom and W. A. Kaderli, sureties on plaintiff in error's first bond.

In view of another trial, we shall not discuss the further questions presented.

Reversed and remanded.