

# THE ATTORNEY GENERAL
## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

July 11, 1967

Hon. Richard E. Rudeloff
County Attorney
Bee County
Beeville, Texas

Opinion No. M-105

Re: Whether the County
Attorney of Bee
County, and the
District·Attorney
serving said county
are required to sub-
mit the reports con-
templated by Arts.
1001-1005, C.C.P.,
Arts. 390-391, P.C.
and Art. 1620, V.C.S.

Dear Mr. Rudeloff:

In your request for an opinion from this office you present the following question:

"Is the County Attorney of Bee County, and the District Attorney of the 36th Judicial District who serves Bee County, required to make the reports contemplated by Articles 1001-1005, Code of Criminal Procedure of 1965, Articles 390 and 391, Penal Code, and Article 1620, Revised Civil Statutes?"

Articles 1001-1005, Vernon's Code of Criminal Procedure (renumbered from Arts. 944-948, C.C.P. 1925) read as follows:

Article 1001:

"All officers charged by law with collecting money in the name or for the use of the State shall report in writing under oath to the respective district courts of their several counties, on the first day of each term, the amounts of money that have come to their hands since the last term of their respective courts aforesaid."

-475-

Article 1002:

"Such reports shall state:
1. The amount collected.
2. When and from whom collected.
3. By virtue of what process collected.
4. The disposition that has been made of the money.
5. If no money has been collected, the report shall so state."

Article 1003:

"A report, such as is required by the two preceding articles, shall also be made of all moneys collected for the county, which report shall be made to each regular term of the comissioners court for each county."

Article 1004:

"The officers charged by law with the collection of money, within the meaning of the three preceding articles, and who are required to make the reports therein mentioned, are: District and County attorneys, clerks of the district and county courts, sheriffs, constables, and justices of the peace."

Article 1005:

"The moneys required to be reported embrace all moneys collected for the State or county other than taxes."

Article 1620, Vernon's Civil Statutes, 1925 reads as follows:

"The district attorney of each district shall, at each term of the district court for each county in his district, make a report to the county clerk, of all moneys received by him since the last term of the district court for such county for the use of such county. Each county attorney shall make a similar report to the said clerk at the end of each month."

Penalties for failure to report collections for the State and counties are provided in Articles 390 and 391, Penal Code, which reads as follows:

Article 390:

"Any district attorney, sheriff, deputy sheriff, constable, or other officer, whose duty it may be to collect money other than taxes for the use of the State, who shall fail to report to the district court of his county, in writing and under oath, on the first day of each term thereof, the amount of money that may come into his hands for the use of the State since the last term of said court, from whom collected, and by virtue of what process, shall be fined not less than twenty nor more than two hundred dollars."

Article 391:

"Any officer, such as is named in the pre ceding article, whose duty it may be to collect money, other than taxes, for the use of any county, who shall fail to report in writing, and under oath, to the commissioners court of such county at each regular term thereof, the amount of money that may have come into his hands for the use of such county since the last term of said court, from whom the same was received, and by virtue of what process, shall be fined not less than twenty nor more than two hundred dollars."

We are of the opinion that the county attorney of Bee County and the district attorney serving such district should report to the proper officers as provided in the above articles. In support thereof we cite Reed v. State, 55 S.W.2d 232, 234 (Tex. Civ. App., 1932, no writ hist.), wherein the Court stated as follows:

"In Articles 944, 945, and 946, of the same Code /C.C.P. 1925, now Articles 1001, 1002, and 1003 C.C.P. 1965/, are found pro- visions requiring all officers charged by law with collecting money in the name or for the use of the state to make sworn written reports to the district courts of their sev- eral counties on the first day of each term,

and similar reports to the commissioners'
court for each county at each regular
term of all moneys collected for the county.

"The officers coming within the pro-
visions of those articles are declared by
Article 947 /now Article 1004 C.C.P. 1965/
to be district and county attorneys, clerks
of the district and county courts, sheriffs,
constables, and justices of the peace.

"In McLennan County v. Boggess et al.,
104 Tex. 311, 137 S.W. 346, 347, the Supreme
Court said: 'With regard to the collection
of fines, forfeitures, or money due the
state or county, while Article 1013 (now
Article 947) /Article 1004 C.C.P. 1965/, Code
of Criminal Procedure charges justices of the
peace with the duty of collecting money with-
in the meaning of Articles 1010, 1011, and 1012
(now Articles 944, 945, and 946) /Articles
1001, 1002, and 1003 C.C.P. 1965/ of the Code
of Criminal Procedure, which relate to the
collection of money in the name of the state,
and the report thereof to the respective
district courts of their several counties, and
of money collected for the county to the
commissioners' court for each county, and
prescribing the nature of such report, it
is clear that the exercise of such duty of
collection means only their authority to
receive the money from the person adjudged
to pay, or from the officer by whom it is in
fact collected, and pay over to the proper
source.'

"From the above statutes and holding, it
appears that a county attorney is authorized
to receive payment of judgments such as are
here involved, and is charged with the duty
of making reports as to such collections and
paying same over to the proper officer."

(The emphasis and information within
brackets have been added.)

Article 3897, Vernon's Civil Statutes requires
annual reporting of each district, county and precinct of-
ficer the amount of all fees, commissions, and compensations
earned by each such officer during the fiscal year, to-
gether with those collected, and those earned but not
collected.

Sec. 2, Acts 1965, 59th Leg., p. 610, ch. 302, amends Article 3897 as follows:

"Sec. 2.   Article 3897 of the Revised Civil Statutes of Texas, 1925, insofar as said provisions are applicable to counties whose officers are compensated on a salary basis, is hereby repealed."

The obvious intent of the Legislature was to render unnecessary such reporting by officers who are compensated on a salary basis and thereby are not entitled to any fees or commissions by virtue of their offices.

The reports now required of officers not compensated on a salary basis, under Article 3897, are restricted to fees, commissions and compensation earned while the cited articles of the Penal Code, Code of Criminal Procedure, and Civil Statutes refer to the reporting of all moneys collected for the use of the state and county, other than taxes, and the legislature has not made a like provision relative thereto.

While it may be true that many county and district attorneys collect no money due the state or county, they are so authorized and it is their duty to do so whenever the occasion arises.  Reed v. State, 55 S.W. 2d 232, 234 (Tex. Civ. App., 1932, no writ. hist.).

If no money has been collected by such officers, this fact should be reported as provided in Section 5, Article 1002, which reads as follows:

"5.   If no money has been collected, the report shall so state."

We are not unmindful of Addison v. State, 41 Tex. 462 ( 1874) in which an indictment was held faulty for failure to charge that the defendant was authorized to collect money, other than taxes, for the use of the county.  However, this case merely determines the proper allegations to be contained in such an indictment and is no authority that such an officer (a justice of the peace) is not authorized to collect money, other than taxes, for the use of the county.

## S U M M A R Y

The county attorney of Bee County, and the District attorney of the 36th Judicial District serving Bee County, are required to submit the reports contemplated by Articles 1001, 1002, 1003, 1004, and 1005, Vernon's Code of Criminal Procedure, 1965, Articles 390 and 391, Vernon's Penal Code and Article 1620, Vernon's Civil Statutes.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Monroe Clayton
Assistant Attorney General

APPROVED:

OPINION COMMITTEE
Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman
Robert Owen
James McCoy
W. O. Shultz
Mario Obledo

STAFF LEGAL ASSISTANT
A. J. Carubbi, Jr.